

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2004

# Lakew v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1172

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lakew v. Atty Gen USA" (2004). *2004 Decisions*. Paper 1072.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1072

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  03-1172

_____

DEREJE LAKEW,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

_____

On petition for review of a final order
of the Board of Immigration Appeals
File No: A75-971-187

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on January 13, 2004

Before: BARRY, SMITH
and GREENBERG, *Circuit Judges*,

(Filed: January 26, 2004)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

Petitioner Dereje Lakew applied for asylum and withholding of removal under the Immigration and Nationality Act, and for relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Lakew claims that he fled his native Ethiopia after being persecuted by the government based on his ethnicity and political opinion. After a hearing, the Immigration Judge ("IJ") denied Lakew's application, concluding that Lakew was not credible and that the documents he presented were fraudulent. The Board of Immigration Appeals ("BIA") summarily affirmed. This timely appeal followed.

I.

Lakew testified that he is an ethnic Amhara, one of the many ethnic groups present in Ethiopia, but an ethnic minority in his home town of Dilla. Lakew explained that, beginning in 1991, the Amharas in his region began to be persecuted by the majority ethnic group in that region, the Omoros. In 1993, Lakew and two other individuals went to the regional authority to request protection from the government. Shortly thereafter, Lakew testified that he was arrested on the suspicion that he was a member of a political opposition party, the All Amhara People's Organization (AAPO). He claimed that he was severely beaten, imprisoned for five days, and threatened with death if he did not sign an admission that he was a member of the AAPO. He testified that he was released only after his father-in-law paid a 10,000 birr bail.

After his arrest, Lakew sent his wife and children to Addis Ababa, joining them

2

later. Once in Addis Ababa, Lakew testified that he met with AAPO leadership, learned about the organization and eventually joined. He testified that he was once again arrested along with four other individuals on March 11, 1996 for his affiliation with the AAPO. He was detained for three days and then released when his brother paid a 10,000 birr bail. Lakew testified that the police informed him that an investigation would follow and he would be called back for questioning. In May 1996, Lakew learned that those with whom he had been arrested in March had been re-arrested. Lakew eluded the police and obtained an exit visa through his employer. After his departure from Ethiopia, Lakew testified that the police went to his home in Addis Ababa looking for him. He presented the IJ with a letter from his wife informing him of the police search and what he characterized as a subpoena for his appearance.

Lakew arrived in the United States on May 25, 1997 on a non-immigrant B-2 visa with authorization to remain in the United States until November 24, 1997. At a master calendar hearing on April 19, 2000, Lakew conceded removability and sought asylum and withholding of removal under the Immigration and Nationality Act, and for relief under the CAT. At a hearing Lakew submitted, among other documents, the following: (1) a June 2, 1993 letter from the District Central Administration for the Ogado Area District Court stating that Lakew had been arrested on suspicion of anti-governmental activities; (2) a June 9, 1997 summons from the Section 14 Police Commission ordering Lakew to appear on June 12, 1997; and (3) a July 8, 1997 summons from the Region 14

3

administration ordering Lakew to appear within two days.   Without objection, the government submitted the results of its investigation into the authenticity of these documents which concluded that the latter two documents were fraudulent.

The IJ found Lakew not to be credible for three reasons.  First, the IJ found untenable Lakew's testimony that he had joined the AAPO only after being imprisoned on a mere accusation of being a member of that organization.  Second, based on the government's proffered investigation, the IJ determined that Lakew presented two fraudulent documents.  Third, the IJ did not find credible Lakew's testimony that no harm came to his brother, although he gave a 10,000 birr bail for Lakew, but that Lakew's wife was harassed when Lakew did not appear for questioning.  The IJ rejected Lakew's application.  The BIA affirmed without opinion.[1]

## II.

The IJ had jurisdiction pursuant to 8 C.F.R. § 208.2(b)(2002).  The BIA had appellate jurisdiction pursuant to 8 C.F.R. § 3.1(b)(2002).  We exercise appellate jurisdiction over the BIA's order pursuant to § 242(b) of the Immigration and Nationality Act.  8 U.S.C. § 1252(b); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 548-49 (3d Cir. 2001).  When the BIA defers to the IJ, however, "we must review the decision of the IJ." *Gao v. INS*, 299 F.3d 266, 271 (3d Cir. 2002); *Abdulai*, 239 F.3d at 549 n.2.

---

[1]Lakew challenged the streamlining regulations.  As we explained in *Dia v. Ashcroft*, No. 02-2460, slip op. at 21 (3d Cir. Dec. 22, 2003) (en banc), the streamlining regulations are neither contrary to the Immigration and Nationality Act nor offensive to the due process clause.

Lakew claims that the IJ's adverse credibility findings are not supported by substantial evidence in the record and are impermissibly based on the government's unreliable authenticity report. Additionally, Lakew argues that he met his burden to show that he was entitled to asylum and withholding of removal under the Immigration and Nationality Act and the CAT.

Asylum is proper where an alien can show that he qualifies as a refugee who is unable or unwilling to return to his home country because of "persecut[ion] or who has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A refugee claiming a well founded fear of persecution must show both that he is subjectively afraid that upon returning to his home country he will be persecuted and that this fear is objectively reasonable. *INS v. Cardoza-Fonseca,* 480 U.S. 421, 430-31 (1987). Where a petitioner demonstrates past persecution, he is presumed to have a well-founded fear of persecution. *Abdille v. Ashcroft*, 242 F.3d 477, 496 (3d Cir. 2001); 8 C.F.R. § 208.13(b)(1).[2] If an applicant cannot meet the standard for asylum, it is assumed that he cannot meet the higher standard for withholding of removal. *Abdille*, 242 F.3d at 443-44;

---

[2]The government may rebut this presumption with evidence that there has been a "fundamental change" in the country conditions such that the applicant's fear is no longer well-founded. 8 C.F.R. § 208.13(b)(1).

*Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991).[3]

An IJ's determination that the petitioner did not meet his burden is reviewable on a substantial evidence standard. *Dia*, slip op. at 26; *Abdille*, 242 F.3d at 483. "'Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established.'" *Dia*, slip op. at 27 (quoting *Nat'l Labor Relations Bd. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300 (1939)). We may reverse only where the evidence compels a conclusion contrary to that of the IJ. *Id.*; 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

Lakew claims that the IJ impermissibly relied on the government's authenticity report which found that two of the three documents presented by Lakew were fraudulent. He argues that the investigation done by the government did not meet the standard set out by *Ezeagwuna v. Ashcroft*, 325 F.3d 396 (3d Cir. 2003). Because Lakew did not raise this issue before the IJ or the Board, we do not have jurisdiction to review the question. 8 U.S.C.A. § 1252(d); *Miah v. Ashcroft*, 346 F.3d 434, 439 (3d Cir. 2003).

Upon a review of the remaining record we conclude that there is ample support for

---

[3] Withholding of removal is appropriate where "the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(1). An applicant for withholding of removal under the CAT bears the burden of establishing "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Sevoian v. Ashcroft*, 290 F.3d 166, 174-75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)).

the IJ's adverse credibility finding.   We therefore uphold the IJ's denial of Lakew's application.  We will affirm.


TO THE CLERK:

    Please file the foregoing Opinion.


               /s/ D. Brooks Smith
               Circuit Judge