

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2004

# Sacko v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2979

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Sacko v. Atty Gen USA" (2004). *2004 Decisions.* Paper 1009.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1009

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2979

_____

SALIMATA SACKO,
                                        Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States of America,
                                        Respondent

_____

APPEAL FROM THE UNITED STATES IMMIGRATION
AND NATURALIZATION SERVICE
Agency No. A73 677 119

_____

Submitted Under Third Circuit LAR 34.1(a)
April 8, 2003

_____

Before: BECKER,[*] BARRY and BRIGHT,[**] Circuit Judges

_____

(Opinion Filed: February 11, 2004)

_____

OPINION

_____

_____

[*]Judge Becker completed his term as Chief Judge on May 4, 2003.

[**] The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of
Appeals for the Eighth Circuit, sitting by designation.

BARRY, Circuit Judge

The parties are familiar with the facts of this case. As such, we will provide a brief summary of those facts at the outset, incorporating additional facts only as necessary to our discussion of the issues.

Salimata Sacko ("Sacko"), a native citizen of Mali, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the decision of the Immigration Judge ("IJ"), which decision denied her applications for asylum and withholding of removal. Sacko's mother belonged to the Tuareg ethnic group while her father was a member of the Bambera group. Sacko testified that she is a member of the Bambera group and is considered as such in Mali.

Sacko's family lived in the town of Menaka, near the northern border with Nigeria. In the late 1980's, members of the Tuareg group took part in an insurgency in the northern part of Mali. As a result, government soldiers began moving into the area. Sacko described a December 1992 incident where Malian soldiers surrounded a van she, along with her cousin and fifteen others, was in. The soldiers shot at the van until it veered off the road and burned. Sacko's hand was burned, and she subsequently learned her cousin died in the attack. She testified that the soldiers may have thought she was a Tuareg and that she fears returning.

Sacko remained in Menaka for roughly five months after the incident. She then moved to the national capital of Bamako, and claims that she still felt unsafe. On

2

December 20, 1993, she came to the United States. The IJ found her credible and found, as well, that she could be identified as a Tuareg. Nevertheless, the IJ determined that Sacko failed to demonstrate that she suffered persecution because of her imputed or actual status as a Tuareg and that the December 1992 incident was not evidence of persecution. Moreover, the IJ found that Sacko failed to demonstrate a reasonable probability of future persecution. The IJ, therefore, denied both Sacko's application for asylum and withholding of deportation. In upholding the IJ's determination denying Sacko relief from removal, the BIA issued an "affirmance without opinion" ("AWO") under its streamlining regulations.

Sacko challenges the constitutionality of the streamlining regulations and argues that the denial of asylum was an abuse of discretion. We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1105a (1994), as amended by section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub.L. 104-208, 110 Stat. 3009 (1996), because Sacko was placed in deportation proceedings as of IIRIRA's effective date, but the final order of deportation was entered more than thirty days after such date. We will deny the petition for review.

We begin by addressing Sacko's argument that the BIA's order deprived her of an individualized determination of her case and thereby violated her right to due process under the Fifth Amendment. See U.S. Const. Amend. V. This contention must fail as we recently concluded in Dia v. Ashcroft, 353 F.3d 228, 238 (3d Cir. 2003), that the

3

streamlining regulations do not violate the Due Process Clause.[1]

We turn, then, to Sacko's substantive attack on the BIA's denial of her claim for relief. When the BIA issues an AWO under the streamlining regulations, we review the IJ's opinion to determine whether it is supported by substantial evidence. Dia, 353 F.3d at 248. The scope of this review is very narrow, as "the question whether an agency determination is supported by substantial evidence is the same as the question whether a reasonable fact finder could make such a determination based upon the administrative record." Id. at 249. The IJ's decision is supported by substantial evidence.

The law underlying Sacko's substantive claims is clear. The Attorney General may grant asylum if Sacko meets the definition of "refugee", *i.e.* she is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42)(A). To establish eligibility on the basis of past persecution, an applicant must demonstrate: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003). Such a showing raises a

---

[1]Sacko also implicitly challenges the propriety of the BIA's threshold decision to streamline her particular case. We need not reach the issue of whether a BIA member's decision to streamline is reviewable because the BIA's decision to streamline here was clearly not an abuse of discretion.

presumption of a well-founded fear of future persecution. Id. "That presumption can be rebutted if the [Government] establishes by a preponderance of the evidence that the applicant could reasonably avoid persecution by relocating to another part of his or her country or that conditions in the applicant's country have changed so as to make his or her fear no longer reasonable." Id. at 592 n.3 (citation omitted). To qualify for withholding of removal, Sacko must show that there is a "clear probability" that if returned to her native country, she will be persecuted on the basis of a specified ground. See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003); 8 C.F.R. § 208.16(b).

Sacko begins by attacking the IJ's determination that the December 1992 incident did not constitute persecution. Even if this determination were incorrect, thus giving rise to a presumption of a well-founded fear of future persecution, the IJ's overall decision was still supported by substantial evidence. Country conditions have sufficiently changed since the 1995 peace accords, and Sacko concedes little knowledge about the Taureg rebellion, thereby rebutting any presumption. Finally, the IJ correctly noted that because Sacko failed to show a reasonable probability of future persecution, she cannot meet the more stringent standard required for withholding of deportation. See Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001); Janusiak v. INS, 947 F.2d 46, 47 (3d Cir. 1991).

For the foregoing reasons, we will deny the petition for review.

5