

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2004

# Gutierrez-Curi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3314

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Gutierrez-Curi v. Atty Gen USA" (2004). *2004 Decisions.* Paper 998.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/998

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3314

_____

MARIA DOLORES GUTIERREZ-CURI,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS

(No. A70-798-306)

_____

Submitted Under Third Circuit LAR 34.1(a)
September 3, 2003

BEFORE: SLOVITER, NYGAARD, and ROTH, Circuit Judges.

(Filed: February 19, 2004)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

Appellant, Maria Gutierrez-Curi, is a citizen and native of Peru. On July 12, 1992, Gutierrez-Curi entered the United States as a non-immigrant visitor for pleasure. On April 17, 1998, the Immigration and Naturalization Service ("INS") charged Gutierrez-Curi with removability under Section 237 of the Immigration and Nationality Act. 8 U.S.C. § 1227(a)(1)(B). The INS alleged that Gutierrez-Curi had remained in the United States for longer than permitted under her visa. Gutierrez-Curi admitted the facts relevant to her removability and the Immigration Judge ("IJ") found that she was subject to removal. Gutierrez-Curi sought relief through an application for asylum and withholding of removal.

In support of her application, Gutierrez-Curi presented both documentary and testimonial evidence. After receiving this evidence, the IJ found that Gutierrez-Curi did not qualify for asylum or withholding of removal. Gutierrez-Curi then filed an appeal with the Board of Immigration Appeals ("BIA"). Utilizing the streamlining procedures of 8 C.F.R. § 3.1(a)(7), the BIA affirmed the decision of the IJ without opinion.[1] The instant Petition for Review followed.

---

1.    Because the BIA affirmed the IJ's decision without opinion, we review the IJ's opinion. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

2

Gutierrez-Curi challenges three aspects of the BIA's decision. First, she asserts that substantial evidence does not support the IJ's decision that she does not qualify for asylum and withholding of removal. Second, she asserts that the BIA erred in using the affirmance without opinion procedures authorized by 8 C.F.R. § 3.1(a)(7). Finally, she claims the BIA erred by not considering her application under the United Nations Convention Against Torture ("UNCAT"). We find no error in the BIA's or IJ's decision and will deny the Petition for Review.

II.

The parties are familiar with the facts of this matter and, as such, we will address only those facts that are particularly relevant to our analysis.

Gutierrez-Curi first asserts that the IJ's decision is not supported by substantial evidence and is contrary to the decision a reasonable adjudicator would be compelled to reach. This Court, sitting *en banc*, recently summarized our standard of review over an IJ's decision regarding applications for asylum and withholding of removal. *Dia,* 353 F.3d at 247-49. As explained in *Dia*, we review the IJ's findings of fact to determine if they are supported by substantial evidence. *Id*. at 249. Substantial evidence supports an IJ's factual determination when "a reasonable fact finder could make such a determination based upon the administrative record." *Id*.

Our review of the record discloses substantial evidence in support of the IJ's decision that Gutierrez-Curi did not qualify for asylum or withholding of removal.

3

To qualify for asylum, an alien must establish that he or she has suffered past persecution or has a well-founded and reasonable fear of future persecution. *Abdille v. Ashcroft*, 242 F.3d 477, 492 (3d Cir. 2001). Withholding of removal is a more stringent standard than asylum, and an alien who does not qualify for asylum will not qualify for withholding of removal. *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991). The IJ's decision that Gutierrez-Curi did not suffer past persecution or have a reasonable, well-founded fear of future persecution is well supported in the record. The Department of State Country Report for Peru indicates that the Shining Path, the group Gutierrez-Curi named as her persecutors, is weakening as a terrorist group. Also, Gutierrez-Curi's own testimony supports the IJ's determination that she was incorrect in her belief that the Shining Path was targeting her. A review of the entire record convinces us that a reasonable fact finder could come to the same conclusion as the IJ.

Gutierrez-Curi next challenges the BIA's affirmance, without opinion, of the IJ's decision. This Court recently addressed the streamlining procedure utilized by the BIA in this case and found it to be constitutional. *Dia*, 353 F.3d at 234-45. Gutierrez-Curi argues that the use of the streamlining procedure in this case was inappropriate because the IJ's decision was incorrect. Based on the above analysis, we do not find that the IJ's decision was incorrect and, therefore, the BIA's use of the affirmance without opinion procedure was appropriate.

4

Finally, Gutierrez-Curi argues that we should remand this matter to the BIA so it can issue an opinion regarding her UNCAT claim. 8 C.F.R. § 208.18(b)(1). While Gutierrez-Curi makes this claim on appeal, she failed to apply for relief under UNCAT before the BIA, failed to request a remand from the BIA to raise UNCAT before the IJ, and failed to raise the possible applicability of UNCAT in her brief before the BIA. The UNCAT regulations make it clear that an "alien who is in exclusion, deportation, or removal proceedings on or after March 22, 1999 may apply for withholding of removal under" the UNCAT regulations. *Id.* Gutierrez-Curi's removal proceedings were on appeal to the BIA on March 22, 1999. As such, her removal order was not final and she was still "in . . . removal proceedings on or after March 22, 1999." *See* 8 U.S.C. § 1101(a)(47)(B) (indicating that an order of deportation is not final until either the BIA has affirmed such order or the time period for seeking review by the BIA has expired). In fact, Gutierrez-Curi's brief to the BIA was not due, and she did not file it, until December 1999.

Despite the clear language of the UNCAT regulations, Gutierrez-Curi did not apply for withholding of removal under UNCAT or even mention UNCAT in her brief before the BIA. Therefore, the BIA did not have the opportunity to address the UNCAT claims she now makes on appeal. The precedent of this Court is clear that we will not review an alien's claims if he or she did not make those claims to the BIA. *Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989). As a result, we will not remand this

5

matter to the BIA to address claims that Gutierrez-Curi did not properly assert in the first instance.

For the reasons set forth above, we will deny the Petition for Review.