**Budi SISWANTO, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States; Bureau of Citizenship and Immigration Services, Respondents.**

No. 03–4860.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 17, 2005.

Decided Feb. 22, 2005.

James M. Tyler, Schubert, Bellwoar, Cahill & Quinn, Philadelphia, PA, for Petitioner.

Douglas E. Ginsburg, Alison M. Igoe, John D. Williams, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before SLOVITER, AMBRO and ALDISERT, Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Petitioner Budi Siswanto, an ethnically Chinese native of Indonesia who professes to be a Christian, appeals the final order of removal by the Board of Immigration Appeals ("BIA") issued against him on December 23, 2003. In its two-page opinion, the BIA affirmed the denial by the Immigration Judge ("IJ") of Siswanto's claim for an exception to the one-year limit for filing an asylum application, as well as his substantive requests for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Rather than file a brief, the government seeks resolution of this case on Siswanto's brief and its June 3, 2004 Motion to Dismiss, cast in the alternative as a Motion for Summary Affirmance. In its motion, the government argues that we lack jurisdiction to review the BIA's determination that the application was untimely, and that this jurisdictional defect extends to Siswanto's withholding and CAT claims. Alternatively, it seeks summary affirmance of the BIA's denial of withholding and CAT relief on the ground that further briefing and argument are unnecessary. We will grant the government's Motion to Dismiss the appeal of the order denying Siswanto's application for an exception to the one-year limit for filing an asylum application. With respect to Siswanto's remaining claims for withholding and relief under the CAT, we will deny the petition for review.

## I.

Budi Siswanto arrived in the United States on January 14, 2000; at the time, he held a non-immigrant visitor visa that authorized him to remain in the country until April 15, 2000. He overstayed his visa, and on May 14, 2001, Siswanto filed an application for asylum and withholding of removal. The Immigration and Naturalization Service ("INS")[1] served Siswanto

1. As of March 2003, "the INS ceased to exist as an independent agency within the United

with a Notice to Appear on June 10, 2001. Having conceded removability, Siswanto sought asylum, withholding of removal, and relief under CAT at his hearing before the IJ. Siswanto claimed that as an Indonesian Christian of Chinese descent, he faced an increasing chance of persecution for his religion and ethnicity at the hands of Indonesian Muslims if he returned to Indonesia. Siswanto presented no witnesses other than himself.

The IJ noted that Siswanto had failed to file his application for asylum within one year of his arrival in the United States, *see* 8 C.F.R. 208.4, 8 U.S.C. § 1158(a)(2)(B), and that there were no exceptional or changed circumstances to justify an exception to the requirement. The IJ thus denied Siswanto's asylum application. She proceeded to deny his claims for withholding and CAT relief, but granted his request for voluntary departure. Siswanto appealed to the BIA, which affirmed the IJ and adopted its decision in a brief opinion issued on December 23, 2003. Siswanto timely appealed to this court the decision rejecting his excuse for late filing and filed a petition for review of the decision of the BIA denying his application for asylum. On December 30, 2003, he applied to this court for a stay of removal, which was denied on April 2, 2004.

## II.

■ Siswanto first argues that the BIA erred in affirming the IJ's finding that there were no exceptional or changed circumstances to toll the one-year period for filing his asylum application. We lack jurisdiction to hear this aspect of his appeal, and must therefore dismiss it. Section 1158(a)(3) plainly divests courts of "jurisdiction to review any determination of the Attorney General under paragraph (2)," which includes the timeliness of an asylum application and any exceptions to the one-year filing period. 8 U.S.C. § 1158(a)(3); *see also Tarrawally v. Ashcroft*, 338 F.3d 180, 185–86 (3d Cir.2003). Siswanto concedes that he filed the application beyond the one-year limit established by 8 U.S.C. § 1158(a)(2)(B), which provides that an alien may not apply for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." He argues that he is entitled to an exception to this rule on the basis of changed circumstances under § 1158(a)(2)(D), and that the BIA erred in affirming the IJ's denial of an exception. Section 1158(a)(3) leaves us without authority to hear this claim; accordingly, we will dismiss it. This also necessarily disposes of Siswanto's claim that he should have been granted asylum. A viable asylum application is a necessary predicate to review of an adverse asylum determination.

## III.

■ Siswanto argues that in its *de novo* review, the BIA erred in affirming the IJ's denial of his claim for withholding of removal. The government has moved for summary affirmance of the BIA on this issue, claiming that Siswanto's petition for review is without merit in this regard.[2] In

States Department of Justice and its functions were transferred to the newly formed United States Department of Homeland Security." *Leia v. Ashcroft*, 393 F.3d 427, 430 n. 4 (3d Cir.2005). The Board of Immigration Appeals, however, remains within the Department of Justice. *Knapik v. Ashcroft*, 384 F.3d

84, 86 (3d Cir.2004) (citing Homeland Security Act of 2002, Pub. L. No. 107–296, §§ 441, 451, 471, 116 Stat. 2135 (2002)).

**2.** The government also attacks Siswanto's claim before the IJ that he is entitled to relief under the CAT. While it is apparent from the

its motion, the government argues that the BIA properly affirmed the IJ, and that there is no basis for questioning the BIA's determination that Siswanto's claim for withholding is meritless. We agree.

To prove a claim for withholding of removal, a petitioner must show that there is a "clear probability" of threat to his life or his freedom if he is removed. *Chang v. INS*, 119 F.3d 1055, 1059 (3d Cir.1997); *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir.1991). We must uphold a decision of the BIA that is supported by substantial evidence on the record. *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir.2003). "[T]he BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir. 2001). Thus, we may only reverse the BIA if a reasonable factfinder could not but conclude that a clear probability of persecution existed. *Chang*, 119 F.3d at 1060. The record in this case does not show such a probability.

In its decision of December 23, 2003, the BIA affirmed the IJ's finding that Siswanto had failed to meet his burden of proof for withholding of removal. The BIA noted the IJ's finding that Siswanto had failed to explain why he did not correct errors in his asylum application when he had the chance. Based on the inconsistencies between Siswanto's application, his asylum interview, and his testimony, the BIA found ample support in the record for the IJ's conclusion.

With respect to persecution on the basis of Chinese ancestry, the 2000 Country Report on Human Rights Practices from the Bureau of Democracy, Human Rights and Labor showed that while the problem of racially motivated attacks by Indonesians against Sino–Indonesians has not vanished, it has subsided significantly since mid–1998. Regarding persecution on the basis of his professed Christian faith, the BIA correctly noted that while the 2001 Country Report on Indonesia mentioned some attacks on Christians in specific parts of the country, nowhere did it note such attacks on the island of Java, which is Siswanto's home. The BIA could reasonably have drawn from this the inference that Siswanto would not face a clear probability of persecution upon his return to Java.

Taken together, Siswanto's evidence simply does not inexorably compel the conclusion that he faced a "clear probability" of persecution for either his faith or his ethnicity were he to return to Indonesia. We will therefore deny Siswanto's petition for review.

## IV.

In conclusion, we hold that we lack jurisdiction to review the determination that Siswanto's asylum application was untimely. With respect to his claim for withholding of removal, we find no ground for reversal and therefore deny his petition for review.

record that Siswanto unsuccessfully pressed this claim below, he did not pursue it in his brief to this court, and it is therefore waived.

*Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).