

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2005

# Itjie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1095

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Itjie v. Atty Gen USA" (2005). *2005 Decisions.* Paper 843.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/843

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-1095

ITJIE,

Petitioner

v.

ALBERTO GONZALES[1], ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

On Appeal from Immigration & Naturalization Service
District No. A79-328-704

Submitted Pursuant to Third Circuit LAR 34.1(1)
March 8, 2005
Before: Nygaard[2], McKee & Rendell Circuit Judges

(Filed:  July 15, 2005)

OPINION

McKee, Circuit Judge.

Itjie appeals the decision of the Board of Immigration Appeals affirming the

decision of an Immigration Judge denying her request for asylum and withholding of

removal.   The BIA affirmed the IJ's ruling without opinion; we therefore review the

Immigration Judge's decision.  *Dia v. Ashcroft,* 353 F.3d 228, 245 (3d Cir. 2003) (*en*

---

[1]Substituted pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2]Judge Nygaard assume Senior Judge status on July 9, 2005.

*banc*). For the reasons that follow, we will deny the Petition for Review.

The BIA's determination must be sustained if it is supported by substantial evidence on the record. *Abdille v. Ashcroft,* 242 F.3d 477, 483 (3d Cir. 2001). "Substantial evidence" is more than a mere scintilla. It is that quantum of evidence a reasonable mind might accept to support a conclusion. *Senathirajah v. INS,* 157 F.3d 210, 216 (3d Cir. 1998). We uphold the IJ's adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(b).

An asylum application must be filed within one year of the alien's arrival, 8 U.S.C. § 1158(a)(2)(B), unless the applicant is able to prove the "existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). The IJ dismissed Itjie's asylum claim because it was not filed within one year of her arrival. The IJ also concluded that Itjie failed to demonstrate that exceptional circumstances prevented her from timely filing her application. A.R. 77-78.

We do not have jurisdiction to review either the IJ's conclusion that Itjie's application is time barred, or the finding that she failed to establish exceptional circumstances to avoid the time bar. *Tarrawally v. Ashcroft,* 338 F.3d 180, 185 (3d Cir. 2003).

The IJ also concluded that Itjie was not credible. Given the inconsistencies in her

2

testimony, asylum application, and supporting affidavits, that determination is supported by substantial evidence on the record and must be affirmed. Therefore, we must also agree that Itjie did not establish that she is entitled to withholding of removal. In order to obtain that relief, she must show that she is a "refugee." 8 C.F.R. §208.13(a). A refugee is:

> Any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. §1101(a)(42)(A).

In order to establish a "well founded fear," the alien must demonstrate both (1) a subjectively genuine fear and (2) an objectively reasonable possibility of persecution upon returning home. *INS v. Cardoza-Fonseca,* 480 U.S. 421, 430-31, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Itjie must establish a "clear probability" that her life or freedom would be threatened if she went back to Indonesia. *Janusiak v. INS,* 947 F.2d 46, 47 (3d Cir. 1991). This requires proof that it is "more likely than not" that she will suffer persecution upon return to her homeland. *INS v. Stevic,* 467 U.S. 407, 424.

Inasmuch as the IJ's negative view of Itjie's credibility is supported by the record, we agree that she failed to establish that she is entitled to withholding of removal. Itjie's

3

asylum application states that she was single and had no children. Itjie claimed that she informed the asylum officer at her asylum interview that she has only one child. A.R. 161. However, at her hearing, she testified that she is widowed and has two children. A.R. 108. Moreover, she admitted that the statements on her application regarding her children and marital status were false.

Her supplemental affidavit details a robbery of a necklace and Bible that were not mentioned in her asylum application or her asylum interview. A.R. 80. The IJ detailed several inconsistencies between her account of the robbery in her affidavit, and the account she testified to during her hearing.

Given our standard of review, *see Abdille*, *supra*, we will affirm the denial of withholding of removal, and since we have no jurisdiction to review the denial of asylum, we will deny the Petition for Review.