**TJOO KIAT NG, Petitioner**

v.

**ATTORNEY GENERAL USA, Respondent.**

No. 05–5193.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 22, 2007.

Filed: March 2, 2007.

Eleanor H. Chen, Philadelphia, PA, for Petitioner.

Marion E. Guyton, Richard M. Evans, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, FUENTES and CHAGARES, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Tjoo Kiat Ng petitions for review of the Board of Immigration Appeals' order affirming the Immigration Judge's denial of his application for asylum, withholding of removal and protection under the Convention Against Torture. For the following reasons, we will dismiss the petition in part for lack of jurisdiction; to the extent we have jurisdiction, we will deny the petition.

### I.

Ng, native and citizen of Indonesia, entered the United States on or about August 5, 1999, on a non-immigrant visitor's visa. Ng was authorized to remain for a temporary period not to extend beyond January 29, 2000. But he remained in the United States for longer than permitted and a removal proceeding was initiated against him.

On April 1, 2002, Ng applied for asylum, withholding of removal and protection under the Convention Against Torture. Identifying himself as a Christian "Indonesian of Chinese descent" in his affidavit, Ng stated he had been the victim of two robberies in Indonesia, in 1992 and 1999,[1] that prompted his decision to move to the United States for greater safety.

On August 17, 2004, the IJ found Ng ineligible for asylum under section 208 of

---

1. One of the robberies was theft of his motorcycle.

the Immigration and Nationality Act, 8 U.S.C. § 1158, because of failure to file his application within one year of the date of his arrival in the United States or to establish either changed or extraordinary circumstances sufficient to excuse the delay. He also found Ng ineligible for protection under the Convention Against Torture Act. Ng appealed to the BIA, which adopted and affirmed the decision of the Immigration Judge, dismissing the appeal. This petition for review followed.

## II.

We review the decisions of both the IJ and the BIA when, as here, the BIA adopts the findings of the IJ and discusses the underlying bases for the decision. *Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004).

Whether this Court has jurisdiction over an untimely asylum claim is a question of law, reviewable *de novo. See Tarrawally v. Ashcroft,* 338 F.3d 180, 184 (3d Cir. 2003). Whether petitioner has demonstrated past persecution, a well-founded fear of future persecution, a clear probability of persecution, or that it is more likely than not that he will be tortured in Indonesia, are factual determinations reviewed under the substantial evidence standard. *See Reynoso–Lopez v. Ashcroft,* 369 F.3d 275, 278 (3d Cir.2004) (citing *Senathirajah v. INS,* 157 F.3d 210, 216 (3d Cir.1998)).

## III.

■ We lack jurisdiction to review the denial of Ng's untimely asylum claim. Under the Immigration and Nationality Act, the Attorney General has discretion to grant asylum to any alien who qualifies as a "refugee." 8 U.S.C. § 1158(b)(1). Asylum eligibility depends on proof that an applicant is unable or unwilling to return to his home country "because of persecu-

tion or well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." 8 U.S.C. § 1101(a)(42)(A); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Further, "a showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution." *Mulanga v. Ashcroft,* 349 F.3d 123, 132 (3d Cir.2003) (citing 8 C.F.R. § 1208.13(b)(1)). The burden of proving persecution is on the asylum applicant. 8 C.F.R. § 1208.13(a); *see also Ambartsoumian v. Ashcroft,* 388 F.3d 85, 88 (3d Cir.2004).

But, the alien must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Notwithstanding the one year limitation, a tardy application may be considered if the applicant "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified...." 8 U.S.C. § 1158(a)(2)(D).

Under 8 U.S.C. § 1158(a)(3) we lack jurisdiction to review Ng's untimely asylum application. As noted, no court shall have jurisdiction to review any determination of the Attorney General that an asylum application was not filed within the one year limitations period and that such period was not tolled by extraordinary circumstances. *Sukwanputra v. Gonzales,* 434 F.3d 627, 633–35 (3d Cir.2006); *see also Tarrawally,* 338 F.3d at 185.

## IV.

Assuming we had jurisdiction, the factual determination about past persecution or

fear of future persecution, as well as credibility determinations, are reviewed under the substantial evidence standard. *Chen v. Gonzales,* 434 F.3d 212, 216 (3d Cir. 2005). These determinations must be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (citing 8 U.S.C. § 1252(b)(4)(B)). To support an asylum claim, persecution means severe conduct, and "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Li v. Attorney General,* 400 F.3d 157, 167 (3d Cir.2005) (quoting *Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir.1993)).

▮ The record here, particularly Ng's testimony, does not compel a conclusion contrary to that reached by the IJ and the BIA. The two robberies that victimized Ng in Indonesia would not constitute past persecution, nor were they sufficiently "severe" to justify a finding of past persecution or a well-founded fear of persecution in the future. Ng's contention that "many equities ... weigh in favor of a positive exercise of discretion" including his "significant period of time in the United States," his obedience of the laws, and his good character, does not compel a contrary conclusion.

▮ If Ng could not meet the "eligibility requirements for asylum he could not meet the more stringent applicable standard for withholding of removal." *Mudric v. Attorney General,* 469 F.3d 94, 102 n. 8 (3d Cir.2006) (citing *Janusiak v. INS,* 947 F.2d 46, 47 (3d Cir.1991)). This would require demonstrating by "a clear probability" that his life or freedom would be threatened in Indonesia. *Li Wu Lin v. INS,* 238 F.3d 239, 244 (3d Cir.2001) (citing *Chang v. INS,* 119 F.3d 1055, 1066 (3d Cir.1997)).

▮ Ng was not able to qualify for relief from removal under the Convention Against Torture because he did not meet the burden of proving that it is "more likely than not" that he would be tortured in Indonesia. 8 C.F.R. § 208.16(c)(2). The standard for relief under the Convention on Torture " 'has no subjective component, but instead requires the alien to establish, by objective evidence' that he is entitled to relief." *Sevoian v. Ashcroft,* 290 F.3d 166, 175 (3d Cir.2002) (quoting *In re J–E–,* 23 I. & N. Dec. 291, 302, 2002 WL 481156 (BIA Mar. 22, 2002) (en banc)).

### V.

Accordingly, we will dismiss the petition in part for lack of jurisdiction; to the extent we have jurisdiction, we will deny the petition.

