**Zdzislaw JANUSIAK, Petitioner,**

**v.**

**U.S. IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent.**

**No. 91–3027.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6),
Aug. 12, 1991.

Decided Aug. 22, 1991.

Mark Broydes, New York City, for petitioner.

Lori L. Scialabba, David J. Kline, Carl H. McIntyre, Jr., Office of Immigration Litigation, Civ. Div. Dept. of Justice, Washington, D.C., for respondent.

Before COWEN and NYGAARD, Circuit Judges, and POLLAK, District Judge.*

## OPINION OF THE COURT

COWEN, Circuit Judge.

This appeal arises from the denial of Zdzislaw Janusiak's application for political asylum and withholding of deportation. Affirming the decision of the administrative law judge below, the Board of Immigration Appeals held that Janusiak did not have a well-founded fear of persecution in Poland for his political activities while a member of Solidarity, or for his criminal conduct in obtaining a passport. We will affirm.

### I.

A native and citizen of Poland, Janusiak had tried several times to obtain a passport so he could leave that country. In 1985 he finally procured a passport by illegally bribing a worker in the Passport Bureau. While in Poland, Janusiak had been an active member of Solidarity, an outlawed organization at the time, but whether the communist government knew of his activities was not established. He entered the United States in December, 1985 on a visitor's visa. The United States Immigration and Naturalization Service ("INS") promptly gave Janusiak permission to stay in the country until July 12, 1986.

On May 25, 1986, Janusiak applied for political asylum and withholding of deportation at the Newark, New Jersey district office of the INS. This application was denied, and deportation proceedings began. Thereafter, Janusiak renewed his application. *See* 8 U.S.C. § 1158 (asylum application); 8 U.S.C. § 1253(h) (application for withholding of deportation). At a subsequent hearing on his application, Janusiak claimed he would face persecution by the Polish government for two reasons were he forced to return: his activities on behalf of Solidarity and his illegal procurement of a passport. Based on the evidence in the record before it, the immigration judge denied Janusiak's application for asylum and withholding of deportation, but did grant his request for voluntary departure.

A timely appeal was taken to the Board of Immigration Appeals (the "Board") in August, 1988. On December 17, 1990, the Board affirmed the immigration judge's decision and dismissed Janusiak's appeal. It reasoned that Janusiak no longer had a well-founded fear of persecution for his Solidarity activities because that organization had become part of the coalition governing Poland. The Board also found that Janusiak failed to demonstrate that he would be treated differently than other Polish citizens who leave with an illegal passport, and that a violation of a fairly administered passport law does not constitute persecution. This appeal followed.

### II.

 Our jurisdiction over this appeal is predicated on 8 U.S.C. § 1105a(a). We review Board decisions regarding asylum and withholding of deportation for abuse of discretion. *McLeod v. I.N.S.*, 802 F.2d 89, 92 (3rd Cir.1986). "To qualify for a grant of asylum, ... an applicant must demonstrate a 'well-founded fear of persecution.'" *Id.* A "well-founded fear" exists if, under the circumstances, the applicant reasonably thinks that he would be persecuted upon return to his native land. *Balazoski v. I.N.S.*, 932 F.2d 638, 640 (7th Cir. 1991). An applicant for withholding of deportation will lose unless he shows a "clear probability" of persecution. *I.N.S. v. Stevic*, 467 U.S. 407, 424, 104 S.Ct. 2489, 2498, 81 L.Ed.2d 321 (1984). "Clear probability" is considered a higher standard than "well-founded fear." *Id.* at 429–30, 104 S.Ct. at 2501; *Balazoski v. I.N.S.*, 932 F.2d at 640. It follows, then, that an applicant who fails to prove "well-founded fear" in his quest for asylum will similarly be unable to prove "clear probability" with respect to withholding of deportation. *Balazoski v. I.N.S.*, 932 F.2d at 640. Therefore, so long

* Honorable Louis H. Pollak, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

as the Board correctly denied Janusiak's application for asylum, its denial of the application for withholding of deportation will also be proper.

In this appeal, Janusiak asserts that his fear of persecution is well-founded and clearly probable for two reasons. We will address each justification for asylum and withholding of deportation in turn.

### A.

■ If forced to return to Poland, Janusiak claims that he would face persecution for his membership in Solidarity. We hold that Janusiak's fear of persecution in this regard is not reasonable. To begin, Solidarity is now the ruling party in the Polish government, a fact of which the Board took administrative notice.[1] It is highly unlikely, therefore, that Janusiak would be persecuted for his activities on behalf of that organization. See Kubon v. I.N.S., 913 F.2d 386, 388 (7th Cir.1990) (member of Solidarity could not prove a well-founded fear of persecution because Solidarity is now part of the governing coalition in Poland).

Attempting to blunt the impact of the political change in Poland, Janusiak explains that while Solidarity is ostensibly in charge of the central Polish government, the communists still control the local political units. According to Janusiak, then, the communists retain the power to punish him for his activities. Even accepting Janusiak's perception of the political change in Poland, we still do not believe he has demonstrated a well-founded fear of prosecution.

The record offers no indication of actual persecution or the spectre of persecution. While in Poland, Janusiak was never detained, questioned, or otherwise harassed by Polish authorities with respect to his Solidarity activities. Moreover, he was able to work in the private sector. Although Janusiak did have trouble obtaining a passport, those difficulties were directly attributable to his father, and not to his Solidarity membership.[2] When viewed in light of the changing political landscape in Poland, Janusiak's meager proof does not give rise to a well-founded fear of persecution.

### B.

Aside from his activities on behalf of Solidarity, Janusiak contends that he might also be persecuted for bribing a Passport Bureau official. In other words, Janusiak fears prosecution because he committed a crime. This argument fails for two reasons.

■ First, prosecution for criminal violations of fairly administered laws is ordinarily not one of the statutory grounds upon which a claim for asylum can be based. An alien must show that his fear of persecution is attributable to one of five things enumerated in the Immigration and Nationality Act: race, political beliefs, religion, nationality, or membership in a particular social group. 8 U.S.C. § 1101(a)(42)(A); Zamora–Morel v. I.N.S., 905 F.2d 833, 837 (5th Cir.1990). A prosecution for circumventing a passport law would not implicate any of those grounds unless, perhaps, it was demonstrated that earlier passport requests were denied for non-legitimate political reasons or that Janusiak would be treated differently than other violators of passport laws because of his political leanings. However, Janusiak offered no evidence of this kind. The record establishes that it was his father's letter to the authorities, not Janusiak's membership

---

1. The Board often aids courts of appeals "by taking administrative notice of important facts about the country in question." Balazoski v. I.N.S., 932 F.2d at 642. Accord McLeod v. I.N.S., 802 F.2d at 93 n. 4. This aid is often an important part of our decision-making, since defining persecution is an "elusive and precise task, one that is at the margins perhaps uniquely political in nature." Id. at 641. In Kubon v. I.N.S., 913 F.2d 386, 388 (7th Cir.1990), the court held that the Board properly took notice of the role of Solidarity in the current Polish government while affirming its denial of the appellant's application for asylum.

2. Apparently, Janusiak's father thought that his son would leave the country were he issued a passport, and wrote a letter to the passport authorities explaining his fears.

in Solidarity, which primarily motivated the Passport Bureau's actions. *See supra* note 2. Moreover, there is nothing to suggest that Janusiak will be prosecuted for his transgressions while other violators unaffiliated with Solidarity will not.

Second, Janusiak did not meet his burden of proving that his fear of prosecution and imprisonment was anything more than speculative. *See McLeod v. I.N.S.*, 802 F.2d at 93 & n. 2; *Carvajal–Munoz v. I.N.S.*, 743 F.2d 562, 574, 577 (7th Cir.1984). *See also Rodriguez–Riverra v. I.N.S.*, 848 F.2d 998, 1002 (9th Cir.1988); *Ananeh–Firempong v. I.N.S.*, 766 F.2d 621, 625 (1st Cir.1985) (all standing for the proposition that to prove a well-founded fear of persecution, asylum applicant must show "specific," "objective," "credible" and "direct" facts). No evidence indicates that he would be prosecuted for violating the laws of Poland. Janusiak was only able to show that while the communists were in charge of Poland, security police visited his friends and asked about him. To the best of anybody's knowledge, a warrant for his arrest has not been issued. Under the circumstances of this case, then, Janusiak has not even shown a reasonable fear that he will be prosecuted upon his return to Poland.

### III.

In conclusion, the Board's decision to deny Janusiak's application for asylum was not an abuse of discretion, since he did not prove that his fear of persecution was reasonable. The denial of Janusiak's application for withholding of deportation was likewise proper because Janusiak's failure to show a well-founded fear of prosecution necessarily implies that he is unable to demonstrate a "clear probability" of prosecution. We will therefore affirm the Board's order in its entirety.