

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2004

# Jie Sheng Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1478

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Jie Sheng Lin v. Atty Gen USA" (2004). *2004 Decisions.* Paper 335.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/335

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1478
No. 04-1502

JIE SHENG LIN,

Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,

Respondent

_____

On petitions for review of final orders
of the Board of Immigration Appeals
File No:  A72-460-435

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
on March 25, 2004

Before:  FUENTES, SMITH, and
JOHN R. GIBSON,[*] *Circuit Judges*

(Filed: September 22, 2004 )

_____

[*]The Honorable John R. Gibson, Senior Circuit Judge for the United States Court
of Appeals for the Eighth Circuit, sitting by designation.

-1-

PER CURIAM.

Jie Sheng Lin petitions for review of a decision of the Board of Immigration Appeals denying his application for asylum and withholding of deportation and his request for relief under the United Nations Convention Against Torture and also denying his motion for remand to allow his wife to testify on his behalf. He contends that the Immigration Judge's finding that Lin and his wife have two children establishes that Lin faces a clear probability of persecution in China and that there was not substantial evidence to support the Immigration Judge's finding that his wife's sterilization was voluntary. He also petitions for review of the Board's decision denying his motion to reopen. We will deny the petitions for review.

Lin was placed in exclusion proceedings on October 18, 1992. The Board of Immigration Appeals issued its final order of removal on January 31, 2003. Because of the timing of the commencement of proceedings and the final order, this proceeding is governed by former Immigration and Naturalization Act section 106(a), codified at 8 U.S.C. § 1105a(a) (1994), as modified by transitional rules provided by the Illegal Immigrant Responsibility and Immigration Reform Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-626, § 309(c)(4). Lin filed this petition for review on February 20, 2003, within the time provided by the transitional rules. Sec. 309(c)(4)(C).

Lin entered this country on October 18, 1992 without a visa. Lin applied for asylum in 1993, claiming that he was subject to punishment in China because he had two children, that his wife had been subjected to an abortion, and that he and his wife had been threatened with forcible sterilization. After an initial hearing, the Immigration Judge decided that Lin did not qualify as a refugee under the law in effect at that time and therefore denied Lin's application for asylum. During the pendency of Lin's appeal from that decision, Congress enacted IIRIRA, which expanded the definition of refugee to provide that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(2000). The Board remanded for reconsideration in light of the new law.

Lin received a new hearing on April 16, 2001. He testified that he has two children, a son and daughter, born in 1984 and 1986, respectively. He testified that he feared he would be subjected to forcible sterilization and that he therefore fled from China to Hong Kong on or before September 10, 1992. He testified that his wife had been subjected to a forced abortion on September 28, 1992. He said that his wife told him she had been subjected to a forced sterilization in 1994, when officials seized her from their home as she was cooking dinner and took her to a hospital for the operation. Lin submitted a "Testifying Letter" from his wife, saying that she was forcibly sterilized on November 10, 1994. Lin also submitted an x-ray report from a Chinese hospital and

testimony from a doctor that the x-rays showed the subject had been sterilized.

The Immigration Judge rejected Lin's contention that Lin's wife was subjected to a forced abortion. Lin had offered into evidence an abortion certificate, which the Immigration Judge found was not generally issued unless the abortion was voluntary. Lin's wife's "Testifying Letter" did not mention anything about a forced abortion. The Immigration Judge found the evidence did not support a conclusion of persecution based on the alleged forced abortion. He also rejected Lin's claim that Lin was in danger of forced sterilization, based on inconsistencies in Lin's testimony. The Immigration Judge accepted the evidence that Lin's wife had been sterilized in 1994. However, the Immigration Judge concluded that the evidence did not support the assertion that the sterilization was forcible. The Immigration Judge rejected as implausible the idea that the Chinese government would coerce the wife's sterilization in 1994 when her husband had already fled the country and was living in the United States. The Immigration Judge also inferred from the facts that Lin and his wife had paid the 7000 RMB fine for having two children, that the couple's two children were registered, "with all . . . that implies," and that the children enjoyed the right to attend school, that the sterilization was probably voluntary. Finally, the Immigration Judge assessed Lin's testimony as generally "inconsistent" and "unbelievable." The Immigration Judge found that Lin had not proved that he was a victim of the Chinese family planning policy and therefore denied asylum, withholding of removal, and relief under the Convention Against Torture.

-4-

Lin appealed to the Board of Immigration Appeals and also moved to remand his case to receive new evidence in the form of testimony from his wife, who had recently arrived in the United States. Lin submitted an affidavit from his wife stating that she had been sterilized against her will by Chinese authorities. The Board dismissed Lin's appeal and denied his motion to remand on the ground that the wife's affidavit did not explain her failure to mention the alleged 1992 abortion in her earlier letter.

After this petition was filed, Lin moved to reopen his case to receive evidence of medical tests performed in New York indicating that his wife has been surgically sterilized. The Board denied the motion as untimely and Lin petitioned for review of the denial. We consolidated this with Lin's earlier petition.

The Attorney General may in his discretion grant asylum to a refugee. 8 U.S.C. § 1158(a)(1994) (current version at 8 U.S.C. § 1158(b)(1)(2000)). A refugee is a person who is outside the country of his or her nationality and "who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(2000). As discussed above, the statutory definition of refugee expressly includes a person who has been forced to undergo involuntary sterilization. Id. Under In re C-Y-Z-, 21 I&N Dec. 915, 918 (B.I.A. 1997), the spouse of a person who has been forcibly sterilized can rely on the spouse's persecution to establish his or her own

past persecution. Once the applicant has established past persecution, there is a presumption that he or she has a well-founded fear of future persecution. Id. at 919. The presumption can be rebutted only by a showing that the conditions in the applicant's country have changed since the time of the persecution. Id.

The Attorney General must withhold deportation if the alien establishes a clear probability that his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h) (1994) (current version at 8 U.S.C. § 1231(b)(3)(A) (2000)); INS v. Stevic, 467 U.S. 407, 430 (1983).

To establish entitlement to withholding of deportation under the Convention Against Torture, an applicant must prove that it is more likely than not that he or she would be tortured if deported. 8 C.F.R. § 208.16(c)(2)(2000).

We review under the substantial evidence standard the Board's findings with regard to whether an applicant has proved past persecution or a well-founded fear of future persecution. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Where, as here, the Board deferred to findings of the Immigration Judge, we must review the underlying decision of the Immigration Judge. Id. at 271. Under the substantial evidence standard, we must uphold the factual determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." Id. at 272 (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). Adverse credibility determinations must be based on evidence in

-6-

the record, rather than speculation or conjecture.  Id.; Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).  The Board's decision not to remand or reopen a matter is reviewed for abuse of discretion.  Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).

Lin argues that the finding that Lin and his wife have two children compels the conclusion that Lin faces persecution upon deportation.  The State Department reports that in the Fujian province, Lin's home, two children are frequently allowed, although the parents may have to pay fines, as Lin has done.  Moreover, the evidence at the hearing was that the children were registered.  This is substantial evidence to support the finding that Lin did not prove a well-founded fear of persecution from the mere fact that he has two children.

Lin also argues that there was not substantial evidence to support the adverse credibility finding concerning whether his wife's sterilization was coerced.  The Immigration Judge found that Lin had already given unbelievable testimony regarding whether he personally was threatened with involuntary sterilization and regarding whether his wife had been subjected to an involuntary abortion.  Furthermore, Lin and his wife's evidence that her sterilization was involuntary was implausible in light of the fact that Lin was out of the country at the time, so that his wife would not present an imminent risk of further births.

The Immigration Judge's findings were supported by substantial evidence and Lin has not established eligibility for granting of asylum.  Since withholding of deportation

requires a higher standard of proof than is necessary to establish eligibility for asylum, it follows that Lin has not established a right to such relief.  See <u>Janusiak v. INS</u>, 947 F.2d 46, 47-48 (3d Cir. 1991).  Nor has Lin established that he is likely to be subjected to torture if he returns to China.

The Board did not abuse its discretion in denying the motion to remand, since the evidence Lin wished to present, his wife's testimony, would be cumulative to her written account of the same events.  Nor did the Board err in denying the motion to reopen as untimely in accordance with 8 C.F.R. § 1003.23(b)(1).

We will deny the petitions for review.