

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2004

# Akmal v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Akmal v. Atty Gen USA" (2004). *2004 Decisions.* Paper 29.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/29

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1873
_____

SAEED AKMAL,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Decision by the
Board of Immigration Appeals
(No. A70-581-742)

_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2004

Before: NYGAARD and GARTH, Circuit Judges.
and POLLAK,* District Judge.

(Filed    December 30, 2004    )

_____

_____

*Honorable Louis H. Pollak, Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Saeed Akmal petitions this Court for review of a final removal order issued by the Board of Immigration Appeals ("Board"). We have jurisdiction pursuant to 8 U.S.C. §1252. We will deny the petition.

Akmal, a native and citizen of Pakistan, first entered the United States without inspection in December 1989. In March of 1992 he was deported, but he reentered in May 1994. He subsequently departed and returned to the United States on four more occasions between 1996 and 2001.

On September 30, 2001, Akmal arrived in the United States and sought permission to enter as a returning Lawful Permanent Resident, using false documentation. He was not admitted, and on October 1, 2001 the INS placed him in removal proceedings.[1] At an October 29, 2002 hearing, the Immigration Judge found him removable and denied his claims for asylum, withholding of removal, and Convention Against Torture ("CAT").

---

[1] Akmal was served a Notice to Appear charging him with being an inadmissable alien under: (1) INA §212(a)(4)(A), as an alien who is likely to become a public charge; (2) section 212 (a)(6)(B) and (C), for failing to attend his previous deportation proceedings and seeking admission by fraud or willful misrepresentation; (3) section 212(a)(7)(A)(i)(I), as an alien not in possession of valid travel documents; and (4) sections 212(a)(9)(A) and (B), as an alien previously removed and unlawfully present after such removal.

On March 12, 2003, the Board dismissed Akmal's appeal of the Immigration Judge's decision. It found that Akmal failed to establish either past persecution or a well-founded fear of persecution, on account of any protected ground, if returned to Pakistan. The Board further found that Akmal failed to sustain his burden of establishing that, more likely than not, his life or freedom would be threatened if returned to Pakistan, or that he would be tortured, and therefore found that he was not entitled to withholding of removal or CAT protection.

We review the factual findings of the Board for substantial evidence. *See INS v. Elias-Zacharias*, 502 U.S. 478 (1992). Under this deferential standard of review, we may not disturb these findings unless any reasonable factfinder would be compelled to conclude to the contrary. *Id. at* 481.

An alien is eligible for discretionary grant of asylum under INA section 208 if he demonstrates that he is a "refugee." *Ezeagwuna v. Ashcroft*, 301 F.3d 116, 125-26 (3d Cir. 2002); *Fatin v. INS*, 12 F.3d 1233, 1238 (3d Cir. 1993). A "refugee" is an alien who is "unable or unwilling" to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A)(2000); *Fatin*, 12 F.3d at 1238.

In order to show past persecution, Akmal had to establish: (1) an incident that arises to the level of persecution; (2) was committed on account of a protected ground;

3

and (3) was committed either by the Pakistani government or by a group that the government was unable or unwilling to control. *See Berishaj v. Ashcroft*, 378 F.3d 314, 323 (3d Cir. 2004) (*citing Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000)). Akmal claims that he will be persecuted on account of his HIV+ status and his imputed social group status as a homosexual or an adulterer.[2] Akmal failed to establish, however, that there exists, in Pakistan, a particular social group comprised of HIV-infected people that are so discriminated against or sought out for violence as to amount to persecution. To support his persecution claim, Akmal relied upon a single incident in which he was allegedly threatened with death by unnamed individuals at a billiards club if he spoke in favor of America while he was in Pakistan. This single incident, however, does not constitute past persecution; the threat was not based on a protected ground and the person who made the threat is unknown. Accordingly, the Board correctly held that Akmal failed to establish persecution or a well-founded fear of persecution.

The standard for withholding of removal is more stringent than the "well-founded fear" of persecution standard required for asylum. Thus, it follows that an alien who fails to demonstrate eligibility for asylum, also fails to satisfy the more stringent standard for withholding of removal. *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991). Therefore,

---

[2.]While Akmal admits that he is HIV+, he states that he is neither a homosexual nor an adulterer. Akmal also believes that he will be perceived as a religious infidel for having transmitted the disease to his wife.

becausee Akmal has failed to establish eligibility for asylum, he has also failed to establish eligibility for withholding of removal.

In order to establish Convention Against Torture ("CAT") protection eligibility, Akmal has the burden of establishing that, more likely than not, he would be tortured if removed to Pakistan. 8 C.F.R. §§ 1208.18(b)(2) and 1208.16(c)(2)(4). This standard is identical to the "clear probability" standard required for withholding of removal. *Cf. INS v. Cardoza-Fonseca*, 480 U.S. 421, 423 (1987). Akmal failed to establish any basis for concluding that, more likely than not, he would be subjected to torture if returned to Pakistan.

For the foregoing reasons, we will deny the petition.

_____