

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2007

# Yuang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4979

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Yuang v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1317.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1317

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-4979

————

FE YUANG,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent.

————

On Petition for Review of an Order of the Board of Immigration Appeals
(BIA No. A71-824-239)
Immigration Judge: Charles M. Honeyman

————

Submitted Under Third Circuit LAR 34.1(a)
February 2, 2007

Before: BARRY and ROTH, *Circuit Judges*, and IRENAS,* *Senior District Judge.*

(Filed April 12, 2007)

————

OPINION

————

---

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

**IRENAS**, Senior United States District Judge.

Petitioner Fe Yuang ("Yuang") seeks review of a decision of the Board of Immigration Appeals (the "Board") affirming an Immigration Judge's ("IJ") decision denying his application for asylum, withholding removal, and protection under the United Nations Convention Against Torture (the "CAT"). This Court reviews the Board's decision denying Yuang's application under the substantial evidence standard.[1]

I.

The Petitioner, Yuang, is a 42-year-old native and citizen of the People's Republic of China. Yuang illegally entered the United States on or about September 13, 1992, and was charged with excludability pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(5)(A)(i) and (a)(7)(A)(i)(I). Yuang was subsequently detained and a hearing was held, where an IJ sustained the excludability charges.

Yuang filed a Request for Asylum on or about June 22, 1993, pursuant to 8 U.S.C. § 1158(a)(1). On November 22, 1994, IJ Ferris held a hearing and rendered an oral decision holding that Yuang had not met his burden of establishing a well-founded fear of

---

[1] This Court reviews a Board decision to deny an application for asylum, withholding removal, and protection under the CAT under the substantial evidence standard. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002)(citing Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001)). This Court must review the factual determination as to "[w]hether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution" under the substantial evidence standard. Id. "The Court will uphold the agency's findings of fact to the extent that they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id.

persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Yuang testified that he feared persecution if he returned to China because of his outspoken opposition to the country's birth control policies and his refusal to undergo sterilization. Yuang testified that he was detained for two months by Chinese authorities before escaping from custody.

The IJ noted that Yuang's testimony was not fully credible given the conclusory nature of his statements concerning his fear of persecution and the failure of the authorities to sterilize him during his two month period of custody. The IJ also found discrepancies between Yuang's testimony and his Request for Asylum concerning his employment, and whether he ever went into hiding after escaping from custody. Additionally, Yuang stated in his sworn affidavit taken by an INS agent on September 13, 1992, that he decided to leave China and come to the United States not because of his fear of persecution but because the "US is a capitalist well-developed country." The affidavit contained the question, "Are you wanted in your country or any other country by the police or any other government agency?," to which Yuang answered, "No." (Supp. Joint Appx. at 427).

Yuang timely appealed the decision and, on November 30, 2000, the Board affirmed the IJ's decision.[2] The Board adopted the IJ's rationale in its opinion, noting

---

[2] The reason, if any, for the six-year gap between the IJ's decision and the Board's decision on appeal is not apparent from the record.

that Yuang failed to satisfy his burdens of proof and persuasion to establish eligibility for asylum and withholding of exclusion and deportation. Yuang did not file an appeal of the Board's decision, but instead filed a motion to reopen exclusion proceedings under the CAT on February 20, 2001. On July 20, 2001, the Board reopened and remanded Yuang's case specifically for consideration of relief relative to the CAT claim. Yuang did not appeal the Board's November 30, 2000, decision and the Board specifically remanded "for the sole purpose of determining whether it is 'more likely than not' that the applicant faces torture if he is returned to China because he departed the country illegally and with the aid of a smuggler." (Appx. Vol. 1 at 294-95).

On July 29, 2004, IJ Honeyman held that Yuang "has not proven that it is more likely than not that he would be tortured by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity for the government of the People's Republic of China." (Id. at 50). The IJ noted that Yuang failed to satisfy the requirements for relief under the CAT.[3] Yuang testified that he would be assessed a large fine for violating China's travel control policies by illegally fleeing the country. Nevertheless, the IJ found no evidence to support the allegations that any mistreatment Yuang may experience if deported to China would qualify as "torture"

---

[3] To qualify for relief under the CAT, the petitioner has the burden of proving "that it is more likely than not that [he or] she will be tortured by the government or with its acquiescence upon removal to a particular country." Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir. 2005). The regulations define torture as "an extreme form of cruel and inhuman treatment." 8 C.F.R. § 208.18(a)(2).

4

under the CAT.  On October 14, 2005, the Board affirmed the IJ's decision without writing a separate opinion.

## II.

This Court has jurisdiction to review final orders of the Board of Immigration Appeals.  See 8 U.S.C. § 1252; Ponce-Levia v. Ashcroft, 331 F.3d 369, 371 (3d Cir. 2003).

## III.

The issue before this Court is whether substantial evidence exists to support the Board's affirmance of the IJ's denial of Yuang's application for asylum, withholding removal, and protection under the CAT.

If the Board issues a separate opinion as it did on November 20, 2000, this Court reviews the final decision of the Board.  See Abdulai v. Ashcroft, 239 F.3d 542, 548-49 & n.2 (3d Cir. 2001).  If the Board affirms the IJ's decision without a separate opinion, as it did on October 14, 2005, this Court reviews the IJ's decision as the final administrative order.  See Dia v. Ashcroft, 353 F.3d 228, 244-45 (3d Cir. 2003)(*en banc*).  "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . ."  8 U.S.C. § 1252(b)(4)(B).  This Court may not disturb the administrative findings of fact unless any reasonable factfinder would be compelled to conclude to the contrary.  See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  "Adverse credibility determinations based on speculation or conjecture, rather

5

than on evidence in the record, are reversible." Gao, 299 F.3d at 272. This Court should defer to the IJ's credibility determination unless such findings "are not reasonably grounded in the record." Dia, 353 F.3d at 249.

To be eligible for asylum, the Secretary of Homeland Security or the Attorney General must determine that the alien qualifies as a "refugee." 8 U.S.C. § 1158(b)(1)(A). "Refugee" is defined as "any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to . . . that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." § 1101(a)(42)(A). The alien has the burden of providing both subjective and objective evidence to support "a well-founded fear of future persecution." Gao, 299 F.3d at 272.

Withholding of deportation is available under 8 U.S.C. § 1231(b)(3)(A) "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." The alien must show that it is "more likely than not" that he will be persecuted upon return to his home country. INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987); see also 8 C.F.R. § 208.16(b)(2). The alien must satisfy a more stringent standard to qualify for withholding of deportation than to demonstrate eligibility for asylum; therefore, if the alien's application for asylum is denied, he would not qualify for withholding of deportation. Janusiak v. INS, 947 F.2d 46, 47 (3d Cir. 1991).

6

Article 3 of the CAT, to which the United States became a signatory in 1999, states that "[n]o State Party shall expel, return ('refouler') or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." The alien bears the burden of proving that "it is more likely than not that [he or] she will be tortured by the government or with its acquiescence upon removal to a particular country." Chen, 434 F.3d at 216. The alien has the burden of supporting his claim through credible testimony. Ghebrehiwot v. Attorney Gen., 467 F.3d 344, 352 (3d Cir. 2006).

After reviewing the record, this Court is satisified that the IJ's credibility determination on which it based its decision to deny Yuang's asylum application and withholding of removal is supported by substantial evidence and is reasonably grounded in the record.

First, Yuang made no mention of a fear of persecution or torture in his sworn affidavit taken by an INS agent on September 13, 1992. Rather, he stated that he came to the United States because the "U.S. is a capitalist well-developed country."

In addition, Yuang argues that he fears that Chinese officials will force him to undergo sterilization upon his return to China. However, this argument is undermined by the fact that the government could have sterilized him during his alleged custody of two months, but did not do so.

Finally, Yuang's testimony at the hearing on November 22, 1994, contained

several inconsistencies related to the length of his alleged detention and the number of children he has. His testimony concerning his escape from the alleged detention was also inconsistent with his sworn affidavit.

This Court is also satisfied that Yuang failed to prove that it was more likely than not that he would be tortured upon return to China, a requirement for protection under the CAT. Yuang testified at the July 29, 2004, hearing that he faced a fine and detention upon return. Even assuming the testimony is fully credible,[4] such punishment does not rise to the level of torture as defined in the CAT. See Wang v. Ashcroft, 368 F.3d 347, 350-51 (3d Cir. 2004). Potential fines and imprisonment for violation of China's travel policies do not qualify as an extreme form of cruel and inhuman treatment that the CAT was designed to prevent. See Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002).

IV.

For the reasons set forth above, the Petition for Review is denied.

8

---

[4] Yuang did not provide any notices or arrest warrants related to his claim of persecution for violation of the Chinese travel policies, but stated that his fears were based on speculation and rumors.