

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2008

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2927

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lin v. Atty Gen USA" (2008). *2008 Decisions.* Paper 218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2927
_____

LI HUI LIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99-672-998)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 14, 2008
Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 18, 2008 )
_____

OPINION
_____

PER CURIAM

        Li Hui Lin, a Chinese native and citizen, petitions for review of a final order of the

Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge

("IJ") of Lin's application for asylum, withholding of removal and relief under the

Convention Against Torture ("CAT"). Before the IJ, Lin testified that he had suffered past persecution and feared future persecution by the Chinese government as a practitioner of Christianity. Specifically, Lin alleged that in July 2002, at the urging of his friend and to alleviate his depression, he joined an "underground" Christian church. According to Lin, the authorities discovered his church attendance, arrested, interrogated, and beat him and one year later, after he escaped a second church raid, came to his house and threatened his parents. Lin testified that, fearing future persecution, he went to live with his aunt for six months and then fled to the United States.

The IJ, in an order denying Lin's various petitions for relief, determined that Lin was not credible with regard to his encounters with the police and the consistency of his church attendance in China. The IJ also found that, even if Lin's testimony was credible, it did not establish that he suffered past persecution or a well-founded fear of future persecution. The IJ also rejected Lin's CAT claim. The BIA affirmed the IJ's decision.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We uphold the BIA's determinations if they are supported by reasonable, substantial and probative evidence on the record considered as a whole. Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008). Where the BIA substantially relies on the IJ's adverse credibility determination, we have jurisdiction to review both opinions. Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004).

To be granted asylum, Lin must show that he is "unable or unwilling to return to

2

[China] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see also 8 U.S.C. § 1158(b)(1)(A). To be eligible for withholding of removal, Lin must demonstrate that "there is a greater-than-fifty-percent chance of persecution" in China based on one of these protected grounds. Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998); see also 8 U.S.C. § 1231(b)(3)(C). For relief under the CAT, Lin must demonstrate that it is more likely than not that he would be tortured if removed to China. See 8 C.F.R. § 208.16(c)(2).

The BIA's finding that Lin's testimony was not credible is supported by substantial evidence. See Sukwanputra v. Gonzales, 434 F.3d 627, 636 (3d Cir. 2006) (an adverse credibility determination is appropriately based on inconsistent statements and contradictory evidence). The IJ disbelieved Lin's testimony regarding the number of times he attended the underground church. The IJ found that Lin's testimony that he attended church only five or six times during a two-year period (before the 2004 incident) conflicted with letters Lin submitted from his friend who portrayed him as a more active church member. Lin further testified that, after the April 2004 incident, he did not go to church until December 2005 when his church was once again raided by the village cadre (which led to Lin fleeing to his aunt's house). The IJ found that this testimony conflicted with Lin's statement, his father's statement, and his friend's statement which all indicated that Lin continued to attend church after the 2004 raid. Lin does not explain the

inconsistency but states, without support, that he believes that his testimony was consistent with the letters from his friend and his father. The IJ's credibility determination, however, is supported by specific and cogent reasons and "flow[s] in a reasoned way from the evidence of record." Dia v. Ashcroft, 353 F.3d 228, 250 (3d Cir. 2003).

Because Lin cannot satisfy the standard for asylum, he cannot satisfy the higher burden of proof for withholding of removal. Janusiak v. INS, 947 F.2d 46, 47 (3d Cir. 1991). Nor does the record show that Lin would likely be tortured by or with the acquiescence of a Chinese official. Therefore, he is not eligible for protection under the CAT. Pierre v. Att'y Gen., 528 F.3d 180, 190 (3d Cir. 2008) (en banc).

4