OPINION OF THE COURT
LOURIE, Circuit Judge:
Hua Lan An, a citizen of the People’s Republic of China, petitions for review of a *375 final order of the Board of Immigration Appeals (“BIA”) affirming the Immigration Judge’s (“IJ’s”) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We defer to the IJ’s factual determination, sustained by the BIA, that An’s testimony was not credible based on several perceived inconsistencies and will deny the petition for review.
I. BACKGROUND
An entered the United States in late November 2004 and submitted an application for asylum in November 2005. In her application, An stated that she had taken in and cared for a North Korean woman she found in the street, who had been injured during her escape across the border. “Several days later,” the woman was taken away by the police. An was told by her husband that a neighbor had informed him that she had been reported for keeping a smuggler in her house, and that the police were looking for her. An hid with relatives, and was told by her husband that “several” police officers came to the house “several” times. She then fled to the United States. In a phone conversation, her husband told her that the police had gone to the house “several” times looking for her. She also stated that the police had found an anti-Communist book, entitled “The Nine Criticisms towards the Communist Party” that she had sent to her husband.
For corroborating evidence, An included letters from her mother, husband, and uncle, in addition to newspaper articles with photos depicting her participation in various anti-Communist demonstrations.
At her hearing before the IJ, An testified that the North Korean woman had stayed in their home for 27 days. In response to the IJ’s question as to why An’s statement did not specify 27 days, but instead said “several,” An responded “I don’t remember.” The IJ also asked about An’s husband’s statement, which indicated that it had been “a couple of days,” and responded to the IJ’s question as to whether it was consistent with her testimony by saying that it was “[pjretty much the same.”
An also testified that her husband had said the police initially visited their home every other week, that later the visits were about once a month, and that at the time, “sometimes they come every month.” When questioned about the specific number of times the police had come, An stated “I didn’t specifically mean they come every month. Sometimes they came once every month, and sometimes they stop for a few months.” An also testified that her neighbor had told her husband that the police had shown him a warrant for An’s arrest. She was asked for evidence and, on the following day of her hearing, An submitted a letter from her neighbor in China stating that the police had shown the neighbor a warrant for An’s arrest.
At the conclusion of the two-day hearing the IJ found An’s testimony was not credible. Central to the IJ’s adverse credibility determination was the inconsistency between An’s statement that the North Korean woman stayed with her for “several” days, her testimony that it was 27 days, and the statements of her uncle and husband that it was “a couple” of days. In addition, the IJ identified other bases for the adverse credibility determination. Specifically, An produced a letter from her neighbor who had seen the arrest warrant, although she had testified that it had “been a while” since she had spoken to her neighbor. Also, An’s statement said she was “perceived to be a smuggler,” whereas she testified that she considered herself to be a good Samaritan. The IJ found problematic An’s explanation that the police were uninterested in her husband because *376 he placed all the blame on her and because of her testimony that her husband had not explained this in his statement because he was afraid it would lead to marital problems. The IJ also found An’s testimony regarding the frequency of police visits to be inconsistent. Lastly, the IJ found that An had not produced sufficient evidence to show that the Chinese government is aware of her involvement in anti-government protests in the United States.
As a result of his adverse credibility determination, the IJ determined that An had not presented sufficient evidence to meet her burden of proving past persecution or a well-founded fear of future persecution in order to qualify for asylum. The IJ also found unsupported An’s alternate ground to support a claim of political persecution, based on her protests against the Chinese government while in the United States, because she is not identifiable in any photos in which she’s shown protesting and has not authored any articles or otherwise made herself identifiable. The IJ found that An did not present evidence that she more likely than not would face torture if she returned to China, and that she was therefore not entitled to protection under CAT.
On appeal, the BIA adopted the IJ’s adverse credibility determination, based on the inconsistencies cited by the IJ. The BIA specifically noted the inconsistencies as to the number of days the North Korean woman stayed in An’s home and the frequency of police visits in affirming the decision of the IJ.
An timely petitioned for review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a).
II. DISCUSSION
In order to be granted asylum, An must show that she cannot return to China “because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.” 8 U.S.C. § 1101 (a)(42)(A); Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir.2004). An applicant may establish such a fear by showing past persecution, Kibinda v. Atty. Gen., 477 F.3d 113, 119 (3d Cir.2007), or by showing a subjective fear of future persecution and an objectively reasonable possibility of suffering such persecution. Chukwu v. Att’y Gen., 484 F.3d 185, 188 (3d Cir.2007). To show eligibility for withholding of removal, An must demonstrate a clear probability that her life or freedom would be threatened on account of one of the protected grounds. 8 C.F.R. § 1208.16(b); Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir.2005). An applicant who fails to prove eligibility for asylum “perforce fails to show entitlement to withholding of removal.” See Chukwu, 484 F.3d at 188-89 (3d Cir.2007).[1]
We review the decision of the Board of Immigration appeals. See Li v. Att’y Gen., 400 F.3d 157, 162 (3d Cir.2005). However, we also look to the decision of the IJ where the BIA defers to or adopts the IJ’s reasoning. See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir.2006). We review the BIA’s findings of fact for substantial evidence, and must uphold its determinations “unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B).[2]
An argues that there was no inconsistency between her written statement that the *377 North Korean woman stayed in her home for “several” days, her testimony that the stay was 27 days, and her husband and uncle’s written statements which described the length of time as a “couple” of days. She argues that the terms “several” and “a couple” are open to interpretation, and notes that the same translator prepared statements for her husband and uncle, and may have had a particular understanding of the term. An also argues that because she was caring for the woman, her husband and uncle had no personal knowledge of the length of stay. As to her prior statement that the stay had been “several” days, An argues that the term is not inconsistent with 27 days, and that to the extent “several” was ambiguous, she had believed she could be more specific during her hearing. An argues that the testimony she gave showed confusion, not evasion.
An also argues that the BIA improperly found inconsistency regarding her statements on the frequency of police visits to her home. Her testimony that the police initially came every other week, and then once a month, and then “sometimes they come every month” was followed by testimony that sometimes the police came every month and sometimes they stopped for a few months. An contends that the later statement explained the initial statement. An also argues that the other alleged inconsistencies upon which the IJ relied were adequately explained. Specifically, she argues that there is no real inconsistency between her statement that she was wanted for smuggling and her testimony that she was harboring a North Korean woman, because the first involves the perception of her and the second involves what she perceived herself to be doing. An further asserts that her husband was not of interest to the police because he blamed the entire event on her, as she explained in her testimony, and that there is no inconsistency as her husband simply did not mention this in his letter.
The government argues that the record evidence does not compel the conclusion that An was credible, and that therefore we are bound to affirm. The government states that the inconsistency between the terms “a couple,” “several,” and the precise number 27 would alone allow for an adverse credibility determination, but also relies on contradictory testimony regarding the frequency of police visits relied upon by the BIA. The government also points out the additional inconsistencies noted by the IJ, such as whether An was in trouble for smuggling or for harboring a North Korean woman, her testimony as to why the police were not interested in her husband, and when and how the police discovered the book that An sent her husband.
We agree with the government. The record before us may well have supported an alternative finding, if that had been the IJ’s determination. However, we cannot say that any reasonable adjudicator would be compelled to conclude that An was credible. See Arkansas v. Oklahoma, 503 U.S. 91, 113, 112 S.Ct. 1046, 117 L.Ed.2d 239 (1992); see also 8 U.S.C. § 1252(b)(4)(B). Substantial evidence is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,” Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir.2001) (citation omitted), and substantial evidence exists to support the determination below. Although the terms “several” and “a couple” both can relate to small numbers, a term of 27 days is quite different, and thus the IJ could reasonably have determined that An’s testimony was inconsistent and therefore not credible.[3] Her testimony regarding the *378 frequency of police visits is at the very least imprecise, and in conjunction with the IJ’s concern that her husband’s letter did not mention continuing visits, also supports the IJ’s conclusion as to credibility. This evidence highlighted by the BIA, when taken in concert with the IJ’s other concerns, sufficiently supports the IJ’s adverse credibility finding.
Because of the adverse credibility findings, An is thus unable to demonstrate past persecution or a well-founded fear of future persecution, as required for the grant of asylum. In addition, because An did not satisfy the standard for asylum, she cannot satisfy the higher standard of proof for withholding of removal. Janusiak v. INS, 947 F.2d 46, 47 (3d Cir.1991).
While we are sympathetic to the situation of someone in the position in which An claims to find herself, and recognize the difficulties in use of precise language by a person whose native language is not English, or in speaking through a translator, we are bound by the credibility findings below and the required standard of review. The Board looked carefully at the IJ’s findings and concluded that they were supported.
III. CONCLUSION
For the foregoing reasons, we deny An’s petition for review.

. An includes her claim under the CAT in this appeal, but does not present any argument regarding the BIA's CAT determination. We therefore consider this argument to be waived. See Lie v. Ashcroft, 396 F.3d 530, 532 n. 1 (3d Cir.2005).

. The IJ's credibility determination, pursuant to the REAL ID Act, was made "without regard to whether an inconsistency, inaccuracy, or falsehood [went] to the heart of the applicant’s claim.” 8 U.S.C. § 115S(b)(l)(B)(iii).

. See Merriam-Webster's Online Dictionary (defining “several” as alternatively “more than one,” "more than two but fewer than *378 many,” and “being a great many,” but defining “couple” as "an indefinite small number”), available at http://www.merriam-webster.com/dictionary.