XIN TAO LI, Petitioner

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 08–4819.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 4, 2010.

Opinion filed: March 9, 2010.

---

Vlad Kuzmin, Esq., Kuzmin & Associates, New York, NY, for Petitioner.

Regina Byrd, Esq., Steven F. Day, Esq., Thomas W. Hussey, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Respondent.

Before: SCIRICA, Chief Judge, SMITH and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Xin Tao Li, a native and citizen of China, entered the United States without being admitted or paroled on June 14, 2006 at Hidalgo, Texas. He is removable under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(I), 8 U.S.C. § 1182(a)(6)(A)(I), as an alien present in the United States without being admitted or paroled. Venue was changed from Harlingen, Texas to Newark, New Jersey. On January 4, 2007, Li filed his application for asylum under INA § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16(c), 1208.18, claiming that he had been persecuted by the Chinese government on account of his practice of the outlawed Falun Gong religion.[1] Li's asylum application included a personal statement.

At his merits hearing on April 21, 2008, Li testified that, on May 10, 2006, he was home watching television when the police came to his family's house looking for his parents, who are Falun Gong practitioners. Li told the police his parents were on a seven-day tour and were not at home. The police searched the house and found Falun Gong materials. They brought Li, who was then 20 years old, to the police station and detained him for three days. He was interrogated several times, and

---

1. Falun Gong blends aspects of Taoism, Buddhism, and the meditative techniques and physical exercises of qigong—a traditional Chinese exercise discipline—with the teachings of its founder. *See generally Lin v. Att'y Gen. of U.S.,* 543 F.3d 114, 117 n. 3 (3d Cir.2008).

slapped, or hit, in the face two times. After he was released he was instructed to tell his parents that they must surrender to the police. When Li got back home he telephoned his parents, told them what had happened, and advised them not to come back home. Three days later, the police came back to Li's house and asked him if his parents had returned. Li told the police he did not know if they had returned. The police told him if they did not return within seven days Li himself would be arrested. After the police left, Li again warned his parents. They went into hiding at a relative's home in a different village. Later, they helped make arrangements for Li to come to the United States.

In addition to his testimony and the written statement accompanying his asylum application, Li produced the testimony of a friend, Mei Hian Li, who lives in Manhattan. Ms. Li testified that she has seen Li practicing Falun Gong in the United States. Several documents were admitted into evidence, including the State Department's International Religious Freedom Report on China for 2006; an affidavit from Sheng Wang Xu, Li's lawful permanent resident cousin and a Falun Gong practitioner; photographs showing Li practicing Falun Gong movements; copies of U.S. Congressional Resolutions requesting that China stop persecuting Falun Gong practitioners; internet and newspaper articles that discuss Falun Gong; and an affidavit from Li's mother, among other items. In her affidavit, Li's mother stated she and her husband practiced Falun Gong for its health benefits. A.R. 268. On May 21, 2006, they "traveled many industry sites of Shanghai, Hangzhou, Nanjing, Suzhou, Wuxi and other cities and met many local Falun Gong practitioners secretly." See id. Li's mother attested to the events surrounding Li's detention and interrogation.

At the conclusion of the merits hearing, the Immigration Judge denied relief. The IJ determined that Li was not credible on the basis of several inconsistencies between his written statement and his testimony. In addition, the IJ did not believe that Li's mother's affidavit supported his claim. Because of these deficiencies in his case, Li failed to meet the burden of proof necessary to establish that he was a victim of past persecution in China, or that he has a well-founded fear that he would be persecuted in China upon his return. In the alternative, the IJ concluded that, even if Li was to be believed, his testimony that he was taken into custody by the police for three days, interrogated about his parents' whereabouts, and slapped, did not support a finding of past persecution. The detention and physical assault did not rise to the level of persecution because Li was not injured. Furthermore, Li failed to establish a nexus to any of the five statutory grounds.

With respect to a well-founded fear of persecution, the IJ concluded that there was no evidence the police believed Li to be a Falun Gong practitioner. The police were interested in him so that they could locate his parents. The IJ found Li's evidence that he is, himself, a Falun Gong practitioner, to be sparse. His mother's affidavit did not, for example, reflect the fact that Li himself is a Falun Gong practitioner. Last, the IJ found Li's torture claim lacking in merit.

Li appealed to the Board of Immigration Appeals, contending, among other things, that the IJ disregarded the objective evidence of China's human rights violations with respect to the basic freedoms of Falun Gong practitioners. A.R. 68. In dismissing Li's appeal in a decision dated November 21, 2008, the Board agreed with the IJ that Li's brief detention and interrogation did not rise to the level of perse-

cution, *see Fatin v. Immigration & Naturalization Serv.*, 12 F.3d 1233 (3d Cir. 1993); *Matter of O–Z & I–Z–*, 22 I. & N. Dec. 23 (BIA 1998). The Board also noted a lack of evidence to suggest that the Chinese police have an interest in mistreating Li in the future, given that, during his past encounters, the police only asked him where his parents were, and accused them, but not him, of practicing Falun Gong. Thus, the Board concluded, the record contained no indication that the police imputed the practice of Falun Gong to Li. Moreover, the Board noted that Li's parents continue to live in China, and Li produced no evidence that his parents have been harmed, which undermines his claim that he fears persecution in China, *see, e.g., Matter of A–E–M*, 21 I. & N. Dec. 1157 (BIA 1998). The Board did not see the need to reach the IJ's adverse credibility determination, or her finding that Li failed to establish a nexus between his detention and mistreatment and a protected ground. The Board agreed with the IJ's conclusion that Li failed to establish that he is more likely than not to be tortured in China by or with the acquiescence of government officials, *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Li now seeks review of the Board's decision.

We will deny the petition for review. We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1), (b)(1). Our power of review extends only to the decision of the Board. *Abdulai v. Ashcroft*, 239 F.3d 542, 548–49 (3d Cir.2001). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See also Immigration & Naturalization Serv. v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under this deferential standard, the petitioner must establish that the evidence does not just support a contrary conclusion but compels it. *See*

*Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002).

Under INA § 208(b), the Attorney General has the discretion to grant asylum to "refugees." 8 U.S.C. § 1158(b); *see also Immigration & Naturalization Serv. v. Cardoza–Fonseca*, 480 U.S. 421, 428 n. 5, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Section 101(a)(42)(A) of the INA defines a "refugee" as a person unable to return to her country of "nationality . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. . . ." 8 U.S.C. § 1101(a)(42)(A). The alien bears the burden of proof of establishing that he is a refugee and that he has suffered past persecution or has a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(a); *Gao*, 299 F.3d at 272. Persecution has a well-established meaning; it includes threats to life or freedom but it does not include treatment that fairly may be regarded as unfair or unjust, or even unlawful. *Fatin*, 12 F.3d at 1240. If past persecution is established, then the asylum applicant is presumed to have a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1); *Shardar v. Att'y Gen. of U.S.*, 503 F.3d 308, 312 (3d Cir.2007).

To establish entitlement to withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), the alien must demonstrate a "clear probability" of persecution through the presentation of evidence that it is more likely than not that he would be subject to persecution if deported. *See Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir.2003). This is a more stringent standard than the asylum standard. *See Mudric v. Att'y Gen. of U.S.*, 469 F.3d 94, 102 n. 8 (3d Cir.2006) (citing *Janusiak v. Immigration & Naturalization Serv.*, 947 F.2d 46, 47 (3d Cir. 1991)).

█ Li has failed to show that the Board's conclusion that he failed to demonstrate past persecution is not supported by reasonable, substantial and probative evidence on the record considered as a whole. *Elias–Zacarias,* 502 U.S. at 481, 112 S.Ct. 812. The record evidence supports the finding that Li's detention and mistreatment did not rise to the level of persecution, a term which connotes extreme conduct. *Fatin,* 12 F.3d at 1240. He suffered no injury and needed no medical attention as a result of what happened to him. We have held that this is insufficient to establish persecution. *See, e.g., Kibinda v. Att'y Gen. of U.S.,* 477 F.3d 113, 119–20 (3d Cir.2007) (five-day detention resulting in minor injury did not amount to persecution); *Voci v. Gonzales,* 409 F.3d 607, 615 (3d Cir.2005) (single beating that does not result in serious physical injury does not compel reversal of the Board's decision that alien did not suffer past persecution).

█ Having failed to establish past persecution, Li does not have the benefit of the presumption that he has a well-founded fear of persecution. In the absence of evidence of past persecution, the alien must demonstrate a subjective fear of persecution through credible testimony that his fear is genuine, *Zubeda v. Ashcroft,* 333 F.3d 463, 469 (3d Cir.2003), and he must show that a reasonable person in his circumstances would fear persecution if returned to the country in question, *see id.* Li produced no individualized evidence to show that the Chinese police have an interest in mistreating him in the future. During his past encounters with the police, they were interested only in his parents' whereabouts. The police accused his parents, but not Li himself, of being Falun Gong practitioners. Li's evidence did not establish that the police imputed the practice of Falun Gong to him. His own testimony established that the Chinese police did not accuse him of being a Falun Gong

practitioner, and their interest in him was only because he might know of his parents' whereabouts. A.R. 181–82. As the Board pointed out, Li's parents continue to live in China, and Li produced no evidence to show that his parents have been harmed, *see, e.g., Matter of A–E–M,* 21 I. & N. Dec. 1157 (reasonableness of alien's fear of persecution is reduced when his family remains in his native country unharmed for long period of time after his departure). His mother stated in her affidavit that she and her husband are living at a relative's home in Ronghuaxin Village; she does not indicate that she has had any trouble there. A.R. 269.

Li's documentary evidence, including the State Department's International Religious Freedom Report on China for 2006, indicates that some Falun Gong followers have been subject to severe treatment by Chinese authorities. He contends that the Board ignored this evidence, and it is true that the Board discussed only Li's lack of individualized evidence. Li notes that the 2006 International Religious Freedom Report states on p. 9 that: "There were credible reports of torture and deaths in custody of Falun Gong practitioners in past years.... In April 2006, overseas Falun Gong groups claimed that a hospital in Sujiatun, Shenyang, had been the site of a 'concentration camp' and of mass organ harvesting, including from live prisoners." *See* Petitioner's Brief, at 26 (quoting 2006 Religious Freedom Report), & at 13–14. But Li omitted from his brief the remainder of the quoted paragraph, which states: "In response to the allegations, the Government opened the facility in question to diplomatic observers and foreign journalists. Observers found *nothing inconsistent* with the operation of a hospital." A.R. 208 (emphasis added). In sum, even if we accept that Li himself has become a Falun Gong practitioner in the United States, *see* Petitioner's Brief, at 23–24, he

provided no evidence to show either that every follower of Falun Gong is persecuted in China or that he would be targeted specifically for such treatment. Accordingly, the Board's determination that Li does not have a well-founded fear of persecution is supported by substantial evidence. *Elias–Zacarias,* 502 U.S. at 481, 112 S.Ct. 812.

Last, we address Li's contention that the Board's decision not to address the credibility issue "is a clear abuse of discretion." *See* Petitioner's Brief, at 18. We disagree. The Board may decide a case without considering an alternative basis upon which the Immigration Judge made his or her decision. That the Board gave Li the benefit of the doubt on the credibility issue is not cause for complaint. The Board did not err when it decided Li's case without considering the IJ's adverse credibility determination.

Because Li failed to show past persecution or a well-founded fear of future persecution under the lower burden of proof required for asylum, he is necessarily ineligible for withholding of removal. *Cardoza–Fonseca,* 480 U.S. at 430–32, 107 S.Ct. 1207. In addition, the record does not compel a conclusion that Li met his burden of establishing that it is more likely than not that he will be tortured upon his return to China, 8 C.F.R. § 1208.16(c)(2).

For the foregoing reasons, we will deny the petition for review.