

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2007

# Acevedo Tamayo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4517

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Acevedo Tamayo v. Atty Gen USA" (2007). *2007 Decisions*. Paper 44.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/44

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No:  06-4517
_____

NORBERTO ACEVEDO TAMAYO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A95-170-198)
Immigration Judge:   Hon. Miriam K. Mills
_____

Argued November 8, 2007

Before:  SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*

(Filed December 18, 2007)
_____

Benjamin B. Xue  [ARGUED]
401 Broadway - #1009
New York, NY   10013
        *Counsel for Petitioner*

Richard M. Evans
Nancy E. Friedman [ARGUED]
Marion E. Guyton
U.S. Department of Justice
Office of Immigration Litigation
P. O. Box 878
Ben Franklin Station
Washington, DC  20044
        *Counsel for Respondent*

————————————

OPINION OF THE COURT
————————————

JORDAN, *Circuit Judge.*

Norberto Acevedo Tamayo petitions for review of the decision of the Board of

Immigration Appeals ("BIA") denying his claims for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We will deny the

petition for review.

**I.      BACKGROUND**

Tamayo is a citizen of Columbia and a former member of the Columbian National

Police.  He claims[1] that he and his parents received death threats from the Revolutionary

Armed Forces of Columbia, a violent anti-government guerilla group also known by its

Spanish acronym "FARC."  Between 1997 and 1999, FARC threatened both Tamayo and

his parents with death because Tamayo refused to help convicted FARC collaborators

_____

[1] The Immigration Judge ("IJ") did not make an explicit credibility finding, and the
BIA assumed that Tamayo was credible.  We will make the same assumption. *Abdulai v.
Ashcroft*, 239 F.3d 542, 551 n.6 (3d Cir. 2001).

2

escape from the prison where he worked as a guard. Because of the threats, Tamayo helped his parents move to a different city, where they were safe. However, Tamayo did not move, and FARC continued to threaten him.

He resigned from the police and entered the United States in 2000. He filed a timely application for asylum, withholding of removal, and relief under the CAT. After a number of continuances, an IJ held a hearing on his application on April 23, 2005. The IJ denied all of Tamayo's claims, giving several reasons. First, the IJ interpreted the BIA's decision in *Matter of Fuentes*, 19 I&N Dec. 658 (1988), to mean that threats to current or former police officers because of their status as police officers cannot serve as the basis for an asylum claim. Next, the IJ found that Tamayo was not entitled to asylum because his parents' move to safety demonstrated that Tamayo himself could relocate to safety in another area of Columbia. The IJ denied Tamayo's claim for withholding of removal without comment. Finally, in denying the claim for relief under the CAT, the IJ explained that Tamayo had not shown that he would be tortured at the instigation or with the consent of the Columbian government if he returned to Columbia.

Tamayo appealed to the BIA, which affirmed. The BIA's decision explicitly incorporated the IJ's decision by reference, and the BIA held that Tamayo was not entitled to asylum because he had not suffered harm rising to the level of persecution.

## II. DISCUSSION

Tamayo's sole contention on appeal is that the BIA's decision to deny his asylum, withholding of removal, and CAT claims was not supported by substantial evidence.[2] The record requires us to disagree with that assertion, and consequently to deny his petition for review.[3]

Tamayo argues that he is entitled to asylum because the threats he received in Columbia amount to persecution.[4] Applying the mandated deferential standard of

---

[2] Because Tamayo petitions for review of a final decision of the BIA, we have jurisdiction under 8 U.S.C. § 1252(a). When, as in this case, the BIA adopts or defers to the findings of the IJ, we review the IJ's decision. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002). We must sustain the IJ's disposition of Tamayo's claims if that disposition is supported by substantial evidence. *See, e.g.,* 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (applying substantial evidence standard to asylum claims); *Jarbough v. Attorney General of the United States*, 483 F.3d 184, 191-92 (3d Cir. 2007) (applying substantial evidence standard to withholding of removal claims); *Wang v. Ashcroft*, 368 F.3d 347,350 (3d Cir. 2004) (applying substantial evidence standard to CAT claims). The IJ's credibility findings are also reviewed for substantial evidence. *Gao*, 299 F.3d at 272. Substantial evidence is a deferential standard, and the IJ's decision must be upheld if "a reasonable fact finder could make a particular finding on the administrative record." *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003). We review questions of law *de novo*. *Wang*, 368 F.3d at 349.

[3] Because Tamayo's appeal to the BIA did not challenge the IJ's legal conclusion that *In Matter of Fuentes* bars his asylum and withholding of removal claims, we lack jurisdiction to address whether the IJ correctly interpreted *Fuentes. Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003).

[4] The qualifications for the relief Tamayo seeks are well known. To qualify for asylum, an applicant must demonstrate that he is "unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, [the] country [of that person's origin or habitual residence] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(42)(A). To establish eligibility for asylum

4

review, we conclude that the IJ's contrary finding is supported by substantial evidence.

We have previously held that "unfulfilled threats must be of a highly imminent and

menacing nature in order to constitute persecution."  *Li v. Attorney General of the United

States*, 400 F.3d 157, 164 (3d Cir. 2005) (*quoting Lim v. INS*, 224 F.3d 929, 936 (9th Cir.

2001)).  Although FARC threatened Tamayo and his parents, there is no evidence in the

record that FARC ever attempted to carry out those threats or to do anything else that

could be characterized as an imminent danger to Tamayo.

---

on the basis of past persecution, an applicant must show: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control."  *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (*quoting Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000)).
To establish eligibility for asylum based on a well-founded fear of future persecution, an applicant must show "that [he] has a genuine fear, and that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country."  *Id.* (*quoting Elnager v. INS*, 930 F.2d 784, 786 (9th Cir. 1991)).
        To qualify for withholding of removal, an applicant must show that he faces a "clear probability of persecution" on account of one of the statutorily protected grounds. *INS v. Stevic*, 467 U.S. 407, 430 (1984); *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991). The "clear probability" standard is more stringent than the "well-founded fear" standard, and thus, an applicant who fails to demonstrate a well-founded fear of persecution with respect to an asylum application will be unable to demonstrate a clear probability of persecution with respect to a withholding of removal application. *Janusiak*, 947 F.2d at 47.
        To qualify for relief under the CAT, an applicant must show that he "is more likely than not to be tortured in the country of removal."  8 C.F.R. § 208.16(c)(4).  The torture must be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.16(c)(4).

Tamayo further argues that he has a well-founded fear of persecution because he can show that there is a 10% chance that he will be persecuted by FARC if he returns to Columbia. (Petitioner's Br. at 10 (citing *INS v. Cardoza-Fonesca*, 480 U.S. 421(1987), and asserting that it "indicat[es]" a 10% chance of persecution supports a well-founded fear)). We will not attempt to quantify the exact level of probability required to meet the well-founded fear standard. While it is true that an applicant can meet that standard without showing that it is more likely than not that he will be persecuted, *Cardoza-Fonseca*, 480 U.S. at 431, we are nevertheless bound to uphold the IJ's finding that Tamayo did not have a well-founded fear of future persecution because the finding is supported by substantial evidence. A significant factor in judging whether someone has a well-founded fear of persecution is whether he can relocate within his country of origin. 8 C.F.R. § 1208.13(b)(3)(i). The record shows that Tamayo's parents were safe from FARC after they relocated from a rural area where FARC was well-established to an urban area where FARC had little influence. While their safety after their move does not conclusively establish that Tamayo himself would be safe if he moved to a different area of Columbia, it does constitute substantial evidence supporting the IJ's decision.

We reject Tamayo's argument that, under *Vente v. Gonzales*, 415 F.3d 296 (3d Cir. 2006), Tamayo's parents' safety is irrelevant to his asylum claim. In *Vente,* we explained that a showing that members of an asylum applicant's family have never been harmed by the applicant's alleged persecutors is irrelevant when the applicant's fear of persecution is based on a characteristic which members of the applicant's family do not

6

share. *Id.* at 302. The IJ's reasoning in Tamayo's case did not violate *Vente* because, unlike the petitioner in *Vente*, both Tamayo and his parents were apparently threatened on the basis of a common characteristic, namely, Tamayo's refusal to help FARC collaborators escape. Under these circumstances, the IJ could conclude that, because Tamayo's parents avoided danger by moving, Tamayo could do so as well.

Turning to Tamayo's withholding of removal claim, because he cannot meet the well-founded fear of persecution standard for asylum, it follows automatically that he cannot meet the more stringent standard for withholding of removal.

Finally, with respect to Tamayo's CAT claim, we agree that nothing in the record demonstrates that he will be tortured with the consent or acquiescence of the Columbian government if he returns to Columbia, because FARC is not supported by the Columbian government.

Accordingly, for the reasons stated above, we deny Tamayo's petition for review.