

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2008

# Lie Tjien Han v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4015

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lie Tjien Han v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1778.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1778

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4015

_____

HERNOWO LIE TJIEN HAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge:  Honorable Charles M. Honeyman
(No. A79-734-435)

_____

Submitted Under Third Circuit LAR 34.1(a)
November 6, 2007

Before: SCIRICA, Chief Judge, AMBRO, and JORDAN, Circuit Judges

(Opinion filed January 9, 2008)

_____

OPINION

_____

AMBRO, Circuit Judge

Hernowo Lie Tjien Han is a native and citizen of Indonesia. Claiming that he is

eligible for asylum and related relief, he petitions our Court for review of a final order by

the Board of Immigration Appeals affirming his removal from the United States. We deny his petition for review.

A Christian of Chinese ethnicity, Han faced insults as a child and occasional robberies as a young adult. He alleges that religious and ethnic bigotry motivated his attackers. In October 1996, rioters in Timor Timur (East Timor) threatened him. He escaped but later learned that rioters had burned down his business and house. In 1998, he experienced the anti-Chinese riots in the city of Solo. He entered the United States in September 1998 and subsequently overstayed his visa.

In March 2003, the Government initiated removal proceedings against Han. He filed for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") in July 2003, claiming persecution on account of his religion and ethnicity. On April 28, 2005, an Immigration Judge denied his claims, granted voluntary departure with a 60-day window, and ordered Han's removal once the 60-day period expired. In August 2006, the BIA affirmed the IJ's decision.

Because Han failed to apply for asylum within the statutory one-year period, instead taking almost five years to do so, we lack jurisdiction over his asylum claim. 8 U.S.C. § 1158(a)(3); *see Sukwanputra v. Gonzales*, 434 F.3d 627, 634–35 (3d Cir. 2006). We also cannot reach the merits of his CAT-protection claim because his brief does not address torture. Fed. R. App. P. 28(a)(8)–(9); *see Vente v. Gonzales*, 415 F.3d 296, 299 n.3 (3d Cir. 2005). In any event, there does not appear to be anything that occurred meeting the torture threshold.

2

We do have jurisdiction to review the BIA's affirmance of the IJ's denial of Han's claim for withholding of removal under 8 U.S.C. § 1252(a)(1). Because the BIA "adopted and affirmed" the IJ's opinion while also discussing its own reasoning, we review both the BIA's and the IJ's decisions. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Under our standard of review, findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir. 2001) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1). For his removal to be withheld, Han must show that his "life or freedom would be threatened" in Indonesia because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). More specifically, he must demonstrate that it is "more likely than not" he will suffer persecution in Indonesia as a result of his religion. *INS v. Stevic*, 467 U.S. 407, 429–30 (1984); *see also Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991).

We agree with the IJ that the harassment Han faced in the past, while unfortunate, does not rise to the level of persecution as described in *Fatin v. INS*. 12 F.3d 1233, 1240 (3d Cir. 1993) (defining persecution as death, confinement, torture, or severe economic restrictions inflicted for invidious reasons). And we agree with the BIA that recent information from State Department country reports, cited by Han, provides no reason to disturb our holding in *Lie v. Ashcroft* that conditions in Indonesia do not constitute a "pattern or practice of persecution against Chinese Christians." 396 F.3d 530, 537–38 (3d Cir. 2005). Nor has Han demonstrated governmental involvement in or acquiescence to

3

the harassment he endured.  *Id.*

Substantial evidence supports the findings made, which together prevent Han from establishing a well-founded fear of persecution, whether based on past events or on objectively reasonable future expectations.  For these reasons, the petition for review is denied.