

Villanova University School of Law
Villanova University School of Law Digital Repository

Opinions of the United
States Court of Appeals
for the Third Circuit

1-11-2008

# Kuswadi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2668

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kuswadi v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1765.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1765

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2668

HELEIANA KUSWADI;
SOEPENI SUHADA,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Donald V. Ferlise
(Nos. A96-257-860 / A96-257-861)

Submitted Under Third Circuit LAR 34.1(a)
November 9, 2007

Before: SCIRICA, Chief Judge, AMBRO, and JORDAN, Circuit Judges

(Opinion filed: January 11, 2008)

OPINION

AMBRO, Circuit Judge

    This case involves Heleiana Kuswadi and Soepeni Suhada, a married couple, who

are natives and citizens of Indonesia, though their ancestry is Chinese.  Rejecting their

claim for asylum, an Immigration Judge ordered both of them removed from the United States. Kuswadi and Suhada petitioned our Court for review, specifying Kuswadi as lead petitioner and consolidating Suhada's case as a derivative claim. We deny their petition.

Kuswadi and Suhada previously lived in Jakarta, where Kuswadi ran a grocery-supply business in connection with her sister's supermarket business. She alleges that four incidents of past persecution give rise to a well-founded fear of persecution should she return to Indonesia. First, rioters destroyed her sister's supermarkets, and the supply business's inventory with them, in 1998. Second, a bomb exploded outside her family's Roman Catholic church on Christmas Eve of 2000. Third, following an anonymous phone call, unknown assailants shot and wounded her sister in February 2001. Fourth, on an unspecified date, a distant relative of hers had to dodge stones thrown at his car while driving.

In May 2001, Suhada entered the United States; Kuswadi joined her husband in October 2002. Kuswadi timely applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), with her husband as a derivative applicant. (Suhada did not file a separate application.) In April 2003, the Department of Homeland Security initiated removal proceedings against Kuswadi. An IJ denied her claims at a hearing in January 2005. The Board of Immigration Appeals affirmed without opinion, and Kuswadi filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). Because the BIA affirmed the

2

IJ's order without opinion, we review his order. *Partyka v. Att'y Gen.*, 417 F.3d 408, 411 (3d Cir. 2005). Under our standard of review, we must uphold the IJ's findings "unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir. 2001) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1).

To succeed on her asylum claim, Kuswadi must establish that she is "unable or unwilling" to return to Indonesia "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution." *Lie v. Ashcroft*, 396 F.3d 530, 535 (3d Cir. 2005) (citing 8 C.F.R. § 1208.13(b)(1)). Without that presumption, Kuswadi must demonstrate both a subjective fear of persecution, *see Lie*, 396 F.3d at 535, and an objectively reasonable possibility of persecution, *see Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003).

The IJ found Kuswadi's testimony credible, which supports her claim of subjective fear. But substantial evidence supports the IJ's conclusion that the four incidents Kuswadi described do not establish that she, in particular, was persecuted in the past.[1] Kuswadi lost property but did not personally experience bodily harm or lose her freedom

---

[1] We take no notice of the additional affadavit attached to Kuswadi's opening brief, which is not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A).

3

in any of the four incidents to which she testified.[2] (We also agree with the IJ that nothing in the record demonstrates a religious or ethnic motivation for the supermarket, shooting, and stoning incidents.) With this backdrop, there is no presumption of future persecution.

As an ethnically Chinese Catholic, Kuswadi might face challenging conditions in Indonesia. But she has not shown that conditions have changed since our decision in *Lie*, which held that no pattern or practice of persecution exists in Indonesia with respect to ethnically Chinese Christians. 396 F.3d at 537–38. Thus, she has not established an objectively reasonable possibility of future persecution.

In sum, substantial evidence supports the IJ's finding that Kuswadi has not demonstrated a well-founded fear of persecution on account of a protected ground.

Since withholding of removal requires demonstrating a higher probability of persecution than asylum, Kuswadi's claim on that theory must also fail. *Janusiak v. INS*, 947 F.2d 46, 47–48 (3d Cir. 1991). Finally, we agree with the IJ that nothing in the record suggests that Kuswadi is more likely than not to experience torture upon her return to Indonesia.

For these reasons, we deny the petition for review.

---

[2] Kuswadi's situation does not rise to the level of economic deprivation experienced by the petitioner in *Li v. Attorney General*. 400 F.3d 157 (3d Cir. 2005).