XIANG LIU, Petitioner

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 08–4811.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 11, 2010.

Opinion filed: Feb. 22, 2010.

Henry Zhang, Esq., Zhang & Associates, New York, NY, for Petitioner.

Douglas E. Ginsburg, Esq., Thomas W. Hussey, Esq., Ann C. Varnon, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Respondent.

Before: McKEE, HARDIMAN AND COWEN, Circuit Judges.

OPINION

PER CURIAM.

Xiang Liu, a Chinese native and citizen, petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Before the IJ, Liu testified that he had suffered past persecution and feared future persecution by the Chinese government based on his practice of Falun Gong. Specifically, Liu alleged that in August 1998, at the urging of his father, he began to occasionally practice Falun Gong. Liu continued to practice even after the government banned Falun Gong in 1999. In July 2004, according to Liu, police officers burst into his home and arrested him, his father, and four other practitioners. Liu testified that he was detained at the police precinct for three weeks; while there, police officers beat him with their fists and used a stun baton on his back. Police

released him after he signed a statement agreeing not to practice Falun Gong. Liu left China one year later, and he testified that he continues to practice Falun Gong in the United States.

The IJ, in an order denying Liu's various petitions for relief, found material inconsistencies in Liu's testimony and determined that he was incredible. First, the IJ questioned Liu's failure to mention the stun baton in his written asylum statement and also doubted his claim that the baton did no damage to his skin. The IJ also noted a discrepancy between Liu's written statement that he and his father practiced Falun Gong secretly after his arrest while he testified that from 2002 to 2004 he practiced in public by a riverside. The IJ also rejected Liu's withholding of removal and CAT claim. The BIA, agreeing with the IJ's credibility determination, affirmed. Liu has filed a petition for review in this Court challenging the IJ's finding that his testimony was not credible.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We uphold the BIA's determinations if they are supported by reasonable, substantial and probative evidence on the record considered as a whole. *Yusupov v. Att'y Gen.*, 518 F.3d 185, 197 (3d Cir.2008). When the BIA substantially relies on the IJ's adverse credibility determination, we have jurisdiction to review both opinions. *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir.2004).

To be granted asylum, Liu needed to show that he is "unable or unwilling to return to [China] ... because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1)(A). To be eligible for withholding of removal, Liu was required to demonstrate that "there is a greater-than-fifty-percent chance of persecution" in China based on one of these protected grounds. *Senathirajah v. INS*, 157 F.3d 210, 215 (3d Cir.1998); *see also* 8 U.S.C. § 1231(b)(3)(C).[1]

The BIA's finding that Liu's testimony was not credible is supported by substantial evidence.[2] *See Sukwanputra v. Gonzales*, 434 F.3d 627, 636 (3d Cir.2006) (an adverse credibility determination is appropriately based on inconsistent statements and contradictory evidence). Liu was repeatedly inconsistent regarding the dates of his Falun Gong activity. Liu stated that he practiced in 1999, 2000, 2002, 2003, and 2004. (A.R. at 137) At other points in his testimony, he stated that he did not practice in 2000. (*Id.*) His asylum statement made no mention of any practice of Falun Gong between 1999 and 2002, and states that he was afraid to practice Falun Gong after his father's arrest in 1999. (A.R. at 325). Moreover, Liu's asylum statement seemed to indicate that he practiced Falun Gong secretly after 2002; however, he testified that he practiced by the riverside from 2002 until his arrest in 2004. The internal inconsistencies between Liu's

---

1. Liu has not made any arguments regarding the BIA's CAT determination. *See Lie v. Ashcroft*, 396 F.3d 530, 532 n. 1 (3d Cir.2005) (failure to argue an issue in an opening brief constitutes a waiver of the argument on appeal).

2. Because Liu filed his asylum application after the enactment of the REAL ID Act, the IJ's credibility determination was made without regard to whether an inconsistency, inaccuracy, or falsehood went to the heart of Liu's claim. *See Chukwu v. Att'y Gen.*, 484 F.3d 185, 189 (3d Cir.2007). We have not considered whether the REAL ID Act's provision is consistent with principles of due process. We need not do so here, however, because the IJ's adverse credibility determination rested on inconsistencies that were central to Liu's claim of persecution. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir.2009) (canvassing the provision).

testimony and the inconsistency with his asylum statement are sufficient to support the IJ's adverse credibility determination. *Lin v. Att'y Gen.*, 543 F.3d 114, 127 (3d Cir.2008). Further, we agree with the IJ that Liu's participation in a pro-Falun Gong march does not establish a well-founded fear of future persecution. *See Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir.2007) (an applicant must show that he has a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility). In sum, because the IJ found Liu incredible, he could not demonstrate past persecution or a well-founded fear of persecution in China on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42); *Zubeda v. Ashcroft,* 333 F.3d 463, 469 (3d Cir.2003).

Because Liu did not satisfy the standard for asylum, he cannot satisfy the higher burden of proof for withholding of removal. *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir.1991).

For the foregoing reasons, we deny Liu's petition for review.